■ MILDRED STEVENS, Respondent, v. LOBLAWS MARKET, Appellant.— Judgment unanimously reversed on the law and facts, without costs, and complaint dismissed, without costs. Memorandum: The plaintiff seeks damages for personal injuries allegedly sustained when she slipped on a small piece of scallion leaf in an aisle at defendant's supermarket. The record fails to disclose any proof upon which a jury could infer that defendant had actual or constructive notice of the leaf. There is no proof of how the leaf got on the floor, when it got there, how long it had been there or that any of defendant's employees knew it was there before plaintiff slipped on it. There was evidence, however, that the aisles were swept and mopped every night and four or five times a day as needed. Plaintiff herself admitted that at the time she slipped the floor was clean except for the small scallion leaf. Likewise, there was no proof upon which a jury could find that any of defendant's employees created the condition. The New York law is well established that the defendant must have had actual or constructive notice or must have created the dangerous condition to be held liable. (*Sikora* v. *Apex Beverage Corp.*, 306 N. Y. 917; *Dowling* v. *Woolworth Co.*, 16 A D 2d 672.) (Appeal from judgment of Erie Trial Term in a negligence action.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.