■ JEAN TORREGROSSA et al., Appellants-Respondents, v BOHACK CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. SWIFT & Co., Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, etc., the cross appeals are from a judgment of the Supreme Court, Suffolk County, entered May 22, 1980, which, *inter alia,* is in favor of the defendant upon the trial court's dismissal of the complaint at the close of the plaintiffs' case, at a jury trial. Judgment reversed, on the law, and new trial granted as to all parties and causes, with costs to abide the event. In this "slip and fall" case, the question is whether the evidence presented, when viewed in a light most favorable to the plaintiffs, was

sufficient to raise a question of fact for the jury on the issue of the defendant's constructive notice of the defective condition. Jean Torregrossa (hereafter plaintiff), while shopping in defendant's supermarket an hour and a half to two hours after it opened, slipped and fell on a piece of glass lying on the floor of an aisle. The piece of glass was clean and appeared to be part of the lip of a jar. The aisle was clear and clean, having been swept the night before and washed four days earlier. Plaintiff fell in the baby food section of the aisle, which had been stocked by the third-party defendant the previous day. Defendant's stockboy was working at the corner of that aisle but was not stocking the shelves where the incident occurred. The manager of defendant's store received a complaint about glass on the floor the same morning plaintiff fell. It is well settled that if a plaintiff fails to present evidence upon which a jury could reasonably infer that the defendant had actual or constructive notice of a defective condition, a dismissal of the complaint at the close of the plaintiff's case is required (see *Bender v Dan's Supreme Supermarkets,* 71 AD2d 636; *Stevens v Loblaws Market,* 27 AD2d 975; see, also, *Cameron v Bohack Co.,* 27 AD2d 362, 364). At bar, the facts outlined above, "if believed by the jury, would support a finding that the defendant had notice of the condition of the floor of the aisle" (see *Cameron v Bohack Co., supra,* p 366). Hopkins, J. P., Titone, Gibbons and Cohalan, JJ., concur.