■ JOAN NEWMAN, Appellant, v GREAT ATLANTIC & PACIFIC TEA COMPANY, Defendant and Third-Party Plaintiff-Respondent. FIVE TOWNS REFRIGERATION Co., INC., Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Putnam County (Benson, J.), entered January 19, 1983, which, *inter alia,* was in favor of the defendant upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial on the issue of liability only. ¶ Judgment reversed, on the law and in the interest of justice, and new trial granted as to all parties and causes, with costs to abide the event. ¶ In this "slip and fall" case, the question is whether the evidence presented, when viewed in a light most favorable to the plaintiff, was sufficient to raise a question of fact for the jury on the issue of defendant's constructive notice of the defective condition (*Torregrossa v Bohack Corp.,* 81 AD2d 884, 885). While shopping in defendant's supermarket, plaintiff slipped and fell in a puddle of dirty water. The puddle emanated from the base of a freezer case. It had progressed one and a half to two feet out into the aisle, but was only six inches wide. The freezer, which was on a one-hour defrost cycle, dripped melting ice into little troughs, which, in turn, emptied into a drain at one end, located below the unit. "It is well settled that if a plaintiff fails to present evidence upon which a jury could reasonably infer that the defendant had actual or constructive notice of a defective condition, a dismissal of the complaint at the close of the plaintiff's case is required" (*Torregrossa v Bohack Corp., supra,* p 885; see, also, *Bender v Dan's Supreme Supermarkets,* 71 AD2d 636; *Stevens v Loblaws Market,* 27 AD2d 975). At bar, the facts outlined above, if believed by a jury, would support a finding that the defendant had constructive notice of the condition on the floor of the aisle. A reasonable inference could be drawn that the puddle was formed by a slowly dripping overflow of melting ice from

the troughs located under the freezer case, and that such a process would take sufficient time to accumulate so that defendant could be charged with constructive notice. ¶ We note as well, that the trial court erred in preventing plaintiff from refreshing the recollection of the assistant manager of defendant at the time of the accident with an accident report supplied to plaintiff by defendant (see Richardson, Evidence [Prince, 10th ed], § 465). Further, plaintiff should have been permitted to use the deposition of this witness to impeach his credibility, notwithstanding that she called him as a witness, where the deposition contained prior inconsistent statements made under oath (see CPLR 4514; Richardson, Evidence [Prince, 10th ed], § 508). Accordingly, the court may have prevented plaintiff from making a stronger case. O'Connor, J. P., Weinstein, Niehoff and Boyers, JJ., concur.