■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN CHAVYS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Zelman, J.), dated March 14, 1983, which granted the defendant's motion to dismiss the indictment on the grounds of double jeopardy, collateral estoppel, and the denial of the defendant's right to a speedy trial.

Ordered that the order is reversed, on the law, the motion is

denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant was initially indicted under indictment No. 3340/81 and tried for crimes which occurred on December 9, 1981, in the apartment of Miguel Torres. The defendant was found not guilty of those charges. Based upon our examination of the record of that trial, we conclude that a rational jury could not have grounded its verdict upon any issue other than identification (see, Ashe v Swenson, 397 US 436, 444). Thereafter, the defendant was indicted under indictment No. 2160/82 for the crimes of murder in the second degree (three counts), kidnapping in the first degree, and attempted robbery in the first degree (two counts).

Because the challenged second indictment charges a separate crime committed on another date, there is no bar to the People's prosecution of that indictment. However, where an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties (see, Ashe v Swenson, supra, at 443). Thus, under the doctrine of constitutional collateral estoppel (see, Ashe v Swenson, supra, at 446), because one jury has necessarily decided that the defendant was not present during the events on December 9, 1981 in Miguel Torres's apartment, that fact may not be relitigated at any other trial (see, United States v Mespoulede, 597 F2d 329, 335-336). Therefore, in the prosecution of the instant indictment, the People are strictly precluded from introducing any evidence that the defendant was present in Torres's apartment on the evening of December 9, 1981.

The court also erred in dismissing the indictment pursuant to CPL 30.30. When an indictment charges murder as well as other felonies, CPL 30.30 does not apply to any of the charges in the indictment (see, People v Rodriguez, 81 AD2d 840, 841; People v Smith, 53 AD2d 652). Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.