■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN DI LORETTO, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered February 23, 1988, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and official misconduct.

Defendant's conviction stems from a covert investigation into narcotic activity commenced in 1986 by the Montgomery County Sheriff. During the course of the investigation, one of the undercover agents became acquainted with defendant, who was then employed as an investigator by the Sheriff's Department. According to the agent, who had several casual meetings with defendant, defendant admitted to her that he took drugs. In February 1987, the agent asked defendant if he would sell some cocaine to her, which he agreed to do if she paid in advance. By prior agreement, the pair went to an apartment where, according to the agent, defendant produced some cocaine, claiming that he could not get the full amount

the agent had paid for. After refunding a portion of the agent's advance payment, defendant "snorted" some of the cocaine during the course of a 2½-hour conversation with the agent. A listening device had been installed in the apartment and the conversation between defendant and the agent was recorded, with several members of the Sheriff's Department monitoring the conversation.

At trial, the undercover agent testified to the events previously described, and the officers who monitored the conversation also testified. The tape recording of the conversation was stipulated to be "legally inaudible" and was not admitted into evidence. However, the undercover agent apparently made a handwritten transcript of the recorded conversation, which defense counsel referred to on cross-examination of the agent in an attempt to impeach her credibility. On redirect, the agent was permitted to refer to the transcription to refresh her recollection. Also, on their direct examination, two of the officers who monitored the conversation were permitted, over defendant's objection, to refresh their recollections by reference to the transcription. In addition, one of the officers listened to the tape recording the evening prior to his testimony. Defendant testified on his own behalf, denying that he had ever told the agent that he used drugs and claiming that he rebuffed the agent's requests for drugs. As to the meeting in the apartment, defendant testified that the cocaine was there when he arrived and that he did not "snort" any of it. Thereafter, the People were allowed to recall the undercover agent and the Sheriff in rebuttal.

Defendant contends on appeal that he was not proven guilty beyond a reasonable doubt, but we find that the evidence is legally sufficient and that the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490). The gist of defendant's claim is that the undercover agent's testimony was so implausible as to be incredible, but there is no basis in the record for disturbing the credibility determination made by the jury (see, People v Policano, 139 AD2d 773, lv denied 72 NY2d 865).

Defendant claims that the prosecution's use of the agent's handwritten transcription of the conversation was reversible error. We disagree. Defendant himself first referred to the transcription, which was never admitted into evidence. Defendant contends that on the redirect examination of the undercover agent portions of the transcription were effectively placed before the jury, but the record shows that the prosecution referred only to the portions of the transcription where

the agent had indicated that defendant was "snorting" cocaine, which was the topic that defense counsel had focused upon when he referred to the transcription. The contents of the transcription were not read to the jury. Nor do we find any error in the other witnesses' use of the transcription. Having monitored the conversation on the listening device, they had firsthand knowledge, and it appears that they used the transcription in good faith to stimulate their memories of the particulars of a 2½-hour conversation that occurred approximately one year earlier (cf., People v Goldfeld, 60 AD2d 1, 11).

Next, we reject defendant's contention that reversible error occurred when County Court permitted the rebuttal testimony of the Sheriff and the undercover agent. Much of this testimony was aimed at issues directly related to defendant's guilt or innocence raised during the course of defendant's examination and was, therefore, proper (see, People v Harris, 57 NY2d 335, 345, cert denied 460 US 1047). The undercover agent did, however, testify as to certain matters that appear to relate only to defendant's credibility, which was improper (see, People v Schwartzman, 24 NY2d 241, 245, cert denied 396 US 846), but we find the error to be harmless (see, People v Crimmins, 36 NY2d 230).

Defendant contends that County Court's advance ruling on the permissible scope of the cross-examination of defendant's proposed character witnesses was improper and effectively precluded him from calling them as witnesses. Based upon our reading of the record, however, we conclude that the court properly ruled that the prosecution would be permitted to question the witnesses as to whether they had heard any reports of specific acts of misconduct (see, Richardson, Evidence § 153, at 124 [Prince 10th ed]; see also, People v Kennedy, 47 NY2d 196, 206). The court did not, as defendant contends, permit inquiry into the proposed witnesses' personal knowledge of specific acts of misconduct.

Finally, we reject defendant's argument that he was deprived of a fair trial by the prosecution's summation. Defense counsel's objections to improper statements were sustained with prompt curative instructions (see, People v McCloskey, 92 AD2d 672, 674), and the remainder of the remarks to which defendant objects were not improper in light of defense counsel's summation (see, People v Collins, 136 AD2d 722, 723-724, lv denied 71 NY2d 894).

Judgment affirmed. Casey, J. P., Weiss, Mikoll and Levine, JJ., concur.