■ MARTHA FASOLINO et al., Appellants, v CHARMING SHOPPES, INC., Doing Business as FASHION BUG, Respondent.—Order unanimously reversed on the law without costs, complaint reinstated and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the follow-

ing memorandum: Plaintiff fell when she stepped from the carpeting to the tiled floor in defendant's store. She alleged in her complaint that the accident was caused by defendant's negligence in allowing water to remain on the floor. At trial, the court refused to allow plaintiff to testify that she discovered that her slacks were damp upon arriving at the hospital, and granted defendant's motion to dismiss the complaint. That was error. Evidence of a subsequent condition is admissible to show the existence of the condition at the time in question when the facts permit such an inference (Richardson, Evidence § 193 [Prince 10th ed]). The fact that plaintiff discovered the damp spot at the hospital, 30 minutes after the fall and 10 miles away, would go to the weight to be given plaintiff's testimony, not its admissibility. If that evidence had been received, the jury could have inferred that there was a defect, i.e., a damp spot, on the floor. Furthermore, there was other evidence which, if believed, would have allowed the jury to find that defendant had actual notice of such defect (see, Negri v Stop & Shop, 65 NY2d 625, 626; Newman v Great Atl. & Pac. Tea Co., 100 AD2d 538). (Appeal from order of Supreme Court, Erie County, Francis, J.—negligence.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.