■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANSOOR HAMEED, Also Known as ROBERT TAYLOR, Appellant. —Levine, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered May 24, 1989, upon a verdict convicting defendant of the crimes of assault in the second degree and reckless endangerment in the first degree.

On August 2, 1988 police, fire and ambulance personnel responded to a report of a fire at 28 McElwain Avenue in the City of Amsterdam, Montgomery County, a two-family residence owned by Charles Cranker. Cranker, who had suffered burns from the fire, told police at the scene that defendant had started the fire in Cranker's second story apartment. Police officers searched the area for defendant and found him sitting on the steps of a middle school three blocks from the scene of the fire. Defendant agreed to go with the officers to police headquarters where he was given his *Miranda* warnings and questioned concerning his activities that evening. Defendant was then placed under arrest and subsequently indicted on charges of arson in the second degree, two counts of assault in the second degree, criminal mischief in the second degree, reckless endangerment in the first degree, attempted unlawful imprisonment in the first degree, menacing and reckless endangerment of property.

At trial it was established that defendant and Cranker had been co-workers and that Cranker had rented a room in his apartment to defendant. Their relationship deteriorated after disagreements arose concerning the living arrangements and defendant's alleged failure to pay rent. The tensions between the two carried over into the workplace and after midnight on August 2, 1988, defendant and Cranker engaged in a shouting match at work. As a result, the employer terminated defendant and suspended Cranker for two weeks.

Cranker testified that following his suspension, he went

home and was in bed when he heard defendant enter his apartment. Cranker further stated that some time later, defendant entered Cranker's bedroom holding flaming papers in one hand and a baseball bat in the other. According to Cranker, defendant said, "[y]ou made me lose my job" and hit him with the baseball bat across the abdomen. Cranker doubled over and defendant threw the burning papers at him. Cranker testified that he tried to knock the papers away and then he fell, at which time defendant placed the flaming papers on his back.

Cranker testified that the next thing he knew his bedroom was on fire and defendant was no longer in the room. He stated that as he tried to leave the apartment through the front door he found defendant standing on the stairs with the bat telling him "[y]ou're not leaving this house". Cranker testified that he fled the apartment by trying to climb down from a second story porch. He fell on a car parked below the porch and was able to alert the family living downstairs of the fire.

Defendant also testified at trial and denied seeing Cranker or being at his residence on the night in question. Defendant testified that after leaving work he walked to his mother's house where he was storing his belongings after moving out of Cranker's home the night before. He then decided not to disturb her at such a late hour. He kept on walking and ended up at the middle school where he was found by police.

The jury found defendant guilty of both counts of assault in the second degree, criminal mischief in the second degree and reckless endangerment in the first degree. County Court set aside one count of assault in the second degree (Penal Law § 120.05 [6]) and criminal mischief in the second degree as inconsistent. Defendant received concurrent sentences of 2⅓ to 7 years' imprisonment for the convictions of assault in the second degree and reckless endangerment in the first degree. This appeal by defendant ensued.

We find no merit to defendant's claim that the evidence adduced at trial was not sufficient to sustain his conviction of assault in the second degree and reckless endangerment in the first degree. Minor inconsistencies in Cranker's testimony did not render it incredible as a matter of law and there is no basis to disturb the jury's decision to credit this evidence (see, *People v Di Loretto*, 150 AD2d 920, 921, *lv denied* 74 NY2d 739). Moreover, other evidence introduced by the prosecution tended to corroborate and lend credence to Cranker's version of the events. This evidence included the fact that the police

found a baseball bat down the street from Cranker's house and in the direct route to the school where defendant was located, and that during the booking procedure defendant stated to a police officer that Cranker had threatened his life several times in the past and asked, "Didn't that count?" In addition, there was testimony by several individuals who had overheard defendant making threats directed at Cranker. Based on the foregoing, we are also not persuaded that the verdict was against the weight of the evidence (see, People v Bleakley, 69 NY2d 490).

In our view, the sentence imposed by County Court does not constitute an abuse of discretion and we decline to modify it. Defendant's remaining contentions have been considered and are equally unavailing.

Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Mercure, JJ., concur.