■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK M. LUCHEY, Appellant. [634 NYS2d 304] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]; § 20.00), conspiracy in the second degree (Penal Law § 105.15) and criminal solicitation in the second degree (Penal Law § 100.10).

The contention that the evidence is legally insufficient to prove defendant's knowledge of the weight of the controlled substance has not been preserved by a motion to dismiss " 'specifically directed' " at the alleged defect in the proof *(People v Gray,* 86 NY2d 10, 19, quoting *People v Cona,* 49 NY2d 26, 33, n 2; *see, People v Cedeno,* 219 AD2d 828), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

The contention that County Court erred in admitting into evidence audio tapes of defendant's conversations with Patrick Sullivan on February 21 and 23, 1990, has not been preserved for our review because defendant failed to object to the admission of that evidence at trial *(see,* CPL 470.05 [2]). In any event, that contention lacks merit *(see, People v Maderic,* 142 AD2d 892). Moreover, the court did not abuse its discretion in permitting the People to use the transcripts of those conversations to refresh the recollection of a witness *(see, People v Di Loretto,* 150 AD2d 920, *lv denied* 74 NY2d 739).

Defendant was not denied effective assistance of counsel *(see, People v Hobot,* 84 NY2d 1021, 1022; *People v Flores,* 84 NY2d 184).* Furthermore, the court did not err in denying defendant's request to dismiss a sworn juror. Contrary to the contention of defendant, the record establishes that the juror was not incapable of rendering an impartial verdict *(see, People v Buford,* 69 NY2d 290, 298-299). Additionally, there is no merit to the contention that defendant was denied his fundamental right to be present at all material stages of the proceedings against him when the court questioned three jurors for possible disqualification in defendant's absence *(see, People v Torres,* 80 NY2d 944, 945, *rearg denied* 81 NY2d 784; *People v Spataro,* 202 AD2d 1005, *lv denied* 84 NY2d 833; *People v Williams,* 202 AD2d 1004).

Defendant was not denied his constitutional *(see, People v Taranovich,* 37 NY2d 442, 445) or statutory *(see, People v Kendzia,* 64 NY2d 331, 337) right to a speedy trial. Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe.

We have reviewed the remaining contentions advanced by defendant, including those raised in defendant's *pro se* supplemental brief, and we conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.