■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NEGRON, Appellant. [664 NYS2d 387] —Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered December 14, 1994 in Ulster County, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree.

Defendant was an inmate at Ulster Correctional Facility in Ulster County when an undercover investigation led to his conviction of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree. Defendant contends that he was denied the right to effective assistance of counsel as evidenced by defense counsel's stipulation at trial to the expert qualifications of an undercover investigator in the area of drug transactions and terminology. The investigator then testified that certain seemingly ambiguous language used in a recorded telephone conversation with defendant was, in the parlance of drug traffickers, a covert way of conveying the information that heroin could be purchased from defendant's wife. Since the investigator, as a participant in the conversation, was free to testify to and interpret its contents, his qualification as an expert was

unnecessary (see, People v Di Loretto, 150 AD2d 920, 922, lv denied 74 NY2d 739). Our review discloses no evidence that defendant's right to the effective assistance of counsel was violated (see, People v Rivera, 71 NY2d 705, 709; People v Pray, 199 AD2d 646, 647, lv denied 83 NY2d 809) and the judgment of conviction is, accordingly, affirmed.

Crew III, J. P., White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.