■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRET NEFF, Appellant. [731 NYS2d 269] —Cardona, P. J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered December 4, 2000, convicting defendant following a nonjury trial of the crime of endangering the welfare of a child.

After his indictment on charges of attempted rape in the first degree and endangering the welfare of a child, defendant waived his right to a jury trial and, following a bench trial, was convicted solely of endangering the welfare of a child. On this appeal, it appears that County Court did not apply the proper burden of proof in convicting defendant. While "in a bench trial, it is presumed that the Judge sitting as the trier of fact made his decision based upon 'appropriate legal criteria'" (*People v Marvin*, 216 AD2d 930, quoting *People v Moreno*, 70 NY2d 403, 406), here, it appears that the court's deliberations may have been based on a lesser standard of proof than the required standard of "beyond a reasonable doubt," as substantiated by the following exchange which occurred immediately prior to the People's closing argument:

"[THE PEOPLE]: Your Honor, the People respectfully request that the Court review the evidence in this case in the light most favorable to the People. And in order to do that, I'd like to suggest some of the factors that the Court may want to consider.

---

* We decline counsel's invitation to follow *Boria v Keane* (99 F3d 492, *cert denied* 521 US 1118).

"I know there may be an argument that [the victim's] statements to various people are not consistent.

"[DEFENSE COUNSEL]: I do have to make one objection. The standard is not the light most favorable to the People.

"THE COURT: I understand that. That is the standard to dismiss. *But I certainly will, in my deliberations, consider the evidence in the light most favorable to the People, as well as other considerations*" (emphasis supplied).

In our view, County Court's comments diluted the application in its deliberations of what must be presumed, that is, the constitutional reasonable doubt standard (*see, In re Winship*, 397 US 358, 362), resulting in defendant's conviction under a "standard of proof less exacting than proof beyond a reasonable doubt" (*Reed v State of New York*, 78 NY2d 1, 8-9). Accordingly, defendant is entitled to a new trial on the charge of endangering the welfare of a child.

Since there will be a new trial, we note that County Court erred when it did not permit defense counsel to refresh the victim's recollection using her sister's written statement. A witness may refresh his or her recollection by the use of anything whatsoever "provided it actually serves that purpose" (*People v Betts*, 272 App Div 737, 741, *affd* 297 NY 1000; *see, Huff v Bennett*, 6 NY 337, 339).

We have considered defendant's remaining contentions and find that they lack merit.

Mercure, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tioga County for a new trial.