■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAKEE WALLEY, Appellant. [745 NYS2d 283] —Mercure, J.P. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 23, 2001, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and assault in the second degree.

Defendant's convictions arise out of a February 11, 2000 occurrence at Great Meadow Correctional Facility in Washington County in which defendant repeatedly stabbed a fellow inmate about the head with a 6¼-inch sharpened Plexiglas shank. On appeal, defendant contends only that the trial evidence was legally insufficient to support the "physical injury" element of the crime of assault in the second degree (*see*, Penal Law § 10.00 [9]; § 120.05 [7]) and that there was insufficient evidence that he was in possession of "dangerous contraband," an element of the crime of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). We disagree and accordingly affirm.

Viewing the evidence in a light most favorable to the People (*see*, *People v Harper*, 75 NY2d 313, 316-317), we conclude that a rational trier of fact could have found that the element of "physical injury" was proven beyond a reasonable doubt. Notably, Fisher Nesmith, the facility physician's assistant who treated the victim, testified that the victim sustained two puncture wounds and eight lacerations to the head, requiring 14 sutures to close. According to Nesmith, the wounds were "potentially dangerous" due to the vascular nature of the affected area and "would be painful injuries." Under the circumstances, we agree with the People that the wounds inflicted upon the victim were not mere "petty slaps" but were of a type that a jury could reasonably conclude would result in substantial pain (*see*, Penal Law § 10.00 [9]; *People v Colantonio*, 277 AD2d 498, 500-501, *lv denied* 96 NY2d 781; *People v Fallen*,

194 AD2d 928, *lv denied* 82 NY2d 753; *People v Pope*, 174 AD2d 319, 321, *lv denied* 78 NY2d 1079; *People v Ruttenbur*, 112 AD2d 13; *People v Chesebro*, 94 AD2d 897). Further, the eyewitness testimony of correction officer Michael Hathaway that he observed defendant with a Plexiglas weapon in his right hand during the incident, that he later observed defendant drop the weapon to the floor, and that following the incident he retrieved the bloody weapon, which he identified as the same one that was received in evidence at trial, competently established defendant's possession of dangerous contraband (*see, People v Denny*, 199 AD2d 686, 687, *lv denied* 83 NY2d 804).

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.