■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WATSON, Also Known as CHIPPY, Appellant. [753 NYS2d 530] —Mercure, J.P. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered October 31, 2000, upon a verdict convicting defendant of the crimes of murder in the second degree, assault in the second degree (two counts), reckless endangerment in the first degree (three counts) and criminal possession of a weapon in the second degree.

On April 11, 1997, defendant fired three shots into a crowd outside a bar in the City of Schenectady, Schenectady County, killing one person and injuring two others. Defendant fled to New York City, and the Schenectady County District Attorney filed felony complaints against him on April 25, 1997. Nearly three years later, defendant was arrested in Virginia on unrelated charges and waived extradition to New York. A grand jury rendered a 16-count indictment on April 12, 2000, and the District Attorney immediately announced readiness for trial. A jury convicted defendant of murder in the second degree, two counts of assault in the second degree, three counts of reckless endangerment in the first degree and criminal possession of a weapon in the second degree. Defendant was sentenced to consecutive prison terms of 25 years to life on the murder count and 3½ to 7 years on each of the assault counts, with concurrent sentences on the remaining convictions.

On this appeal, defendant initially contends that he was denied his statutory right to a speedy trial (*see* CPL 30.30) because the District Attorney did not announce readiness for trial until three years after the felony complaints were filed. However, because the indictment charged defendant with, inter alia, murder in the second degree, statutory speedy trial requirements do not apply (*see* CPL 30.30 [3] [a]; *People v Johnson*, 38 NY2d 271, 278 n 3; *People v Ortiz*, 209 AD2d 332, 334, *lv denied* 86 NY2d 739; *People v Chavys*, 129 AD2d 723, 724; *People v White*, 72 AD2d 913, 914). Defendant's further claim that his constitutional right to a speedy trial was impaired requires a balancing of five factors, namely "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445; *see People v Vernace*, 96 NY2d 886, 887; *People v Singer*, 44 NY2d 241, 253-254; *People v King*, 114 AD2d 650, 651, *lv denied* 67 NY2d 653). Recognizing the seriousness of the charges in this case, and noting that the nearly three-year pre-indictment delay was caused by defendant's efforts to avoid apprehension, defendant was incarcerated in Virginia for only three months prior to his extradition to New York, and there has been no showing of prejudice due to the delay, we conclude that defendant's constitutional right to a speedy trial was not impaired.

We reject defendant's contention that his convictions were not supported by legally sufficient evidence. Defendant was

convicted of "depraved indifference" murder (Penal Law § 125.25 [2]), which requires proof that defendant caused a death and, "based on an objective assessment of the risk defendant recklessly created and disregarded, the likelihood of causing death from defendant's conduct was so obviously severe that it evinced a depraved indifference to human life" (*People v Sanchez*, 98 NY2d 373, 384). In our view, the testimony of six eyewitnesses that defendant fired his gun directly into a crowd of people, when viewed in a light most favorable to the prosecution, is legally sufficient to show that defendant's reckless conduct evinced a depraved indifference to human life and, when coupled with proof that one of those shots killed a person, is legally sufficient to support defendant's conviction of murder in the second degree (*see People v Taylor*, 94 NY2d 910, 911; *People v Contes*, 60 NY2d 620, 621). We further view the evidence that defendant fired three separate shots into the crowed as sufficient to support his three convictions for reckless endangerment in the first degree (*see* Penal Law § 120.25), and to support his conviction for criminal possession of a weapon in the second degree (*see* Penal Law § 265.03).

Regarding the convictions for assault in the second degree, which require proof that defendant intended to and did cause physical injury by means of a deadly weapon or dangerous instrument (*see* Penal Law § 120.05 [2]), we view evidence that defendant shot one injured victim above the ear, causing him to suffer bleeding and severe headaches for several days, and evidence that defendant shot the other injured victim above the eye, causing her to suffer profuse bleeding, headaches for one month and visible scarring, as sufficient to support defendant's two assault convictions (*see People v Walley*, 296 AD2d 717, 717; *People v Taylor*, 276 AD2d 933, 934-935, *lv denied* 96 NY2d 788). Finally, viewing the evidence in a neutral light, and deferring to the jury's rejection of defendant's testimony that there was a second shooter at the bar that night, we conclude that defendant's convictions were not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).

Turning to defendant's other contentions, although defendant's objections at trial did not preserve this specific argument for our review (*see People v Liccione*, 50 NY2d 850, 851), we agree that County Court erred by admitting testimony, under the present sense impression exception to the hearsay rule, regarding statements by unidentified individuals that defendant had committed the crimes at issue. The trial witnesses were unable to establish that the unidentified declarants had

actually witnessed the shootings, a prerequisite to reliance on the present sense impression exception (*see People v Vasquez*, 88 NY2d 561, 575; *People v Brown*, 80 NY2d 729, 734-735; *People v Demand*, 268 AD2d 901, 902, *lv denied* 95 NY2d 795). However, in light of the overwhelming evidence of defendant's guilt, we find this error to be harmless (*see People v Kello*, 96 NY2d 740, 744). We also find that County Court improperly allowed the prosecution to cross-examine defendant regarding his failure to disclose to police that he had a gun (*see People v De George*, 73 NY2d 614, 618-619; *People v Conyers*, 52 NY2d 454, 459), but nonetheless conclude that the error in allowing questioning regarding this pretrial silence was harmless given the other evidence of defendant's guilt (*see People v Smith*, 97 NY2d 324, 330-331; *People v Crimmins*, 36 NY2d 230, 237-238). Finally, given the serious nature of defendant's actions, we see no extraordinary circumstances warranting a modification of defendant's sentence in the interest of justice (*see People v Krzykowski*, 293 AD2d 877, 880; *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872). Defendant's remaining contentions are unpreserved or have been considered and found to be unavailing.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed. [Recalled and vacated and new decision substituted by unpublished order entered Dec. 23, 2002.]