■ In the Matter of NINA TALISVEYBER, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent, and 4G's TRUCKING RENTING Co., INC., Appellant. [791 NYS2d 151]—

In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, 4G's Trucking Renting Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Archer, R.), dated December 23, 2003, as upon, in effect, determining, after a hearing, that it was the owner of a vehicle involved in a hit-and-run accident, determined that the petitioner may proceed against it.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with one bill of costs, and the petition is dismissed insofar as asserted against the appellant.

On September 11, 1996, the then-infant petitioner (hereinafter the petitioner) was struck by a vehicle which left the scene. In her petition, the petitioner sought leave to commence an action against the Motor Vehicle Accident Indemnification Corporation. At the hearing on the petition, she took a position contrary to that set forth in her petition, namely, the petitioner sought to prove that the appellant was the owner of the hit-and-run vehicle. At the hearing, the petitioner testified that she exited a bus just before she was struck. Moments after the accident, the bus driver handed her a piece of paper with a license plate number. The petitioner gave the paper to the police officer who responded to the scene, and the officer included the license plate number in her accident report. The referee concluded that the testimony regarding the license plate number was admis-

sible as a present-sense impression and, in effect, determined that the appellant was the owner of the hit-and-run vehicle based on that number.

"[T]he present sense impression exception permits a court to admit hearsay testimony of a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" (*People v Brown,* 80 NY2d 729, 732 [1993]; *see People v Vasquez,* 88 NY2d 561, 574 [1996]). The statement must be made by the person perceiving the event (*see People v Vasquez, supra* at 574). The referee improperly admitted the testimony regarding the license plate number as a present sense impression because there was no evidence that the unidentified bus driver witnessed the accident and that he was, in fact, the person who wrote down the plate number (*see People v Watson,* 299 AD2d 735, 737-738 [2002]; *People v Adkinson,* 215 AD2d 673 [1995], *mod on other grounds* 88 NY2d 561 [1996]). Since the evidence was otherwise insufficient to identify the appellant as the owner of the hit-and-run vehicle, the referee erred in reaching that conclusion. H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.