■ ANTHONY COLOMBO, Respondent, v SALVATORE SANFILIPPO et al., Appellants. [876 NYS2d 514]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hinds Radix, J.), dated May 29, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

In October 2003 the plaintiff's then-81-year-old mother (hereinafter the decedent) allegedly tripped and fell on a walkway at the defendants' house. The decedent died of an unrelated cause in August 2005. At no time between the time of the accident and her death did the decedent provide a sworn statement or sworn testimony describing the events leading up to the accident or the cause of the accident.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff failed or was unable to identify the cause of the decedent's fall (*see Hennington v Ellington*, 22 AD3d 721 [2005]). In opposition to the motion, the plaintiff failed to submit evidence in admissible form sufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Fenko v Mealing*, 43 AD3d 856 [2007]). The plaintiff's affidavit submitted in opposition to the motion, in which he averred that, approximately three hours after the accident, his mother told him that she had fallen, did not identify the cause of the fall and, in any event, did not qualify as a present sense impression exception to the hearsay rule (*see People v Vasquez*, 88 NY2d 561, 575

[1996]; *Matter of Talisveyber v Motor Veh. Acc. Indem. Corp.*, 16 AD3d 425 [2005]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Fisher, Florio and Leventhal, JJ., concur.