■ MARTHA SEABERG, Appellant, v NORTH SHORE LINCOLN-MERCURY, INC., Respondent. [925 NYS2d 669]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Sweeney, J.), entered December 22, 2009, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and a new trial on the issue of liability is granted.

The plaintiff alleges that, on March 2, 2005, she slipped and fell on ice in the defendant's parking lot. She commenced this action against the defendant to recover damages for personal injuries, alleging that the defendant was liable because it negligently maintained its property. In October 2009 the matter proceeded to a jury trial on the issue of liability.

On her direct case, the plaintiff testified that, as she fell, she saw and felt ice on the ground. In addition, she presented the testimony of witness Brian Pina, who had been employed by the

defendant as a mechanic on the date of her accident, and who had called 911 approximately two minutes after the accident.

Before Pina testified, the plaintiff sought to admit into evidence a tape of Pina's 911 call under the present sense impression or excited utterance exceptions to the hearsay rule. In opposition, the defendant quoted from Pina's deposition testimony, in which he had stated, "somebody said to call [911]. A lady fell in the parking lot." Defense counsel argued that this testimony demonstrated that Pina had not seen the accident and, accordingly, any statement he may have made that was recorded on the 911 tape was not within one of the proffered exceptions to the hearsay rule to the extent that it may have described how the accident occurred. The Supreme Court agreed with defense counsel, and denied the plaintiff's request to admit the tape of Pina's 911 call under the present sense impression or excited utterance exceptions to the hearsay rule.

Pina proceeded to testify under direct examination that it was "very hard to remember something that happened back in 2005. A lot of events [have] taken place since 2005, and this is not something that's freshly on top of my head." He then testified that, on March 2, 2005, after he learned that an incident had occurred on the premises, in front of the garage door, he went to the incident location, where he saw the plaintiff and his coworker, Ron Weber. Pina stated that "[v]ery little" of the incident stood out in his memory.

Pina did recall, however, waiting at the scene for approximately 15 minutes until an ambulance arrived. He recalled that, during that time, he looked around and "[t]o the best of [his] knowledge, there was no ice" on the ground.

After Pina gave this testimony, the plaintiff's counsel requested a bench conference, after which counsel stated, on the record, that Pina had just testified that he had seen no ice on the ground immediately after the accident, but in his prior deposition testimony, he admitted telling the 911 operator that he had seen "ice on the ground that caused [plaintiff] to slip and fall." The Supreme Court then explained, on the record, that it had already ruled that the 911 tape was inadmissible. The plaintiff's counsel replied that he was merely attempting to elicit, from Pina, testimony that "he actually made the [911] call that [plaintiff] slipped and fell on ice[,]" and, as counsel understood it, although the 911 tape was inadmissible, Pina could nevertheless testify that he had made the 911 call. The Supreme Court replied that if the plaintiff's counsel elicited, from Pina, inconsistent testimony regarding the incident, then it would consider whether the 911 tape could be used to refresh Pina's recollection.

The defense asserted that the plaintiff's counsel was mischaracterizing Pina's deposition testimony. Defense counsel then quoted from a portion thereof, in which Pina testified both that he did not recall seeing ice on the ground and that the content of the 911 tape did not refresh his recollection about the incident.

After a brief recess, the plaintiff's counsel asked Pina what he had told the 911 operator, and Pina replied, "I said—I don't remember. I can't put the words together now. I believe I said somebody fell." Pina stated that he had no independent recollection about how the plaintiff's fall occurred, and did not remember if he had told the 911 operator how the fall had occurred.

Outside the jury's presence, the plaintiff requested the use of the 911 tape to refresh Pina's recollection as to what he had told the 911 operator about how the accident had occurred, i.e., that the plaintiff slipped and fell on ice. Defense counsel objected on the grounds that Pina had testified on direct examination only that "I believe I said somebody fell[,]" and that his recollection could not "be refreshed by anything." The Supreme Court agreed with the defendant. It further explained that since it had already ruled that the 911 tape was inadmissible, allowing the plaintiff to refresh Pina's recollection with the inadmissible 911 tape would render its earlier evidentiary ruling "nonsense."

Upon cross-examination by the defendant, his former employer, Pina went on to testify that he had not witnessed the accident.

The jury returned a verdict in favor of the defendant on the issue of liability. Thereafter, the Supreme Court entered a judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals and we reverse.

On appeal, the plaintiff contends that the judgment must be reversed and that a new trial is warranted because Pina's statement on the 911 tape falls within the present sense impression exception to the hearsay rule or, alternatively, that she should have been allowed to refresh Pina's recollection with the 911 tape and admit the 911 tape into evidence as a prior inconsistent statement. In opposition, the defendant contends that all of the plaintiff's arguments are without merit because Pina did not witness the accident.

The present sense impression exception to the hearsay rule applies when the declarant describes events as he or she is perceiving the event or condition, or immediately thereafter (*see People v Vasquez*, 88 NY2d 561, 575 [1996]; *People v Brown*, 80

NY2d 729, 732 [1993]; *Lee v City of New York*, 40 AD3d 1048, 1049 [2007]; *Matter of Talisveyber v Motor Veh. Acc. Indem. Corp.*, 16 AD3d 425, 426 [2005]). This exception is premised on the likelihood that the subject declaration is reliable "because the contemporaneity of the communication minimizes the opportunity for calculated misstatement as well as the risk of inaccuracy from faulty memory" (*People v Vasquez*, 88 NY2d at 574; *see People v Brown*, 80 NY2d at 732-733). Some corroborating evidence of the declarant's descriptions is required for this exception to apply (*see People v Vasquez*, 88 NY2d at 574-575; *People v Brown*, 80 NY2d at 734, 736). Here, Pina did not witness the accident, but arrived at the scene after the fall. Thus, contrary to the plaintiff's contention, any statements Pina may have made to the 911 operator about how the accident occurred were not present sense impressions of that issue, as he did not perceive the accident at all (*see People v Vasquez*, 88 NY2d at 574; *People v Brown*, 80 NY2d at 732; *Matter of Talisveyber v Motor Veh. Acc. Indem. Corp.*, 16 AD3d at 426). Accordingly, the Supreme Court properly denied the plaintiff's request to admit the 911 tape into evidence under the present sense impression exception to the hearsay rule.

We agree with the plaintiff, however, that the Supreme Court should have allowed her to refresh Pina's recollection with the 911 tape. At trial, Pina explained that he had no independent recollection of the incident. Such testimony was sufficient to allow the plaintiff to play the 911 tape outside the presence of the jury and allow Pina to refresh his recollection about what he had told the 911 operator (*see People v Neff*, 287 AD2d 809, 810 [2001]; *People v Sellan*, 143 AD2d 690 [1988]; *People v Luchey*, 221 AD2d 936, 937 [1995]; *Newman v Great Atl. & Pac. Tea Co.*, 100 AD2d 538, 539 [1984]; *People v Betts*, 272 App Div 737, 741 [1947], *affd* 297 NY 1000 [1948]; Fisch on New York Evidence §§ 145, 332 [2d ed, 2008 Supp]; *see also People v Bonsauger*, 91 AD2d 1001, 1002 [1983]; *cf. People v Henry*, 297 AD2d 585, 586 [2002]).

The plaintiff also contends that the 911 tape should have been admitted as a prior inconsistent statement since, at trial, Pina testified that he did not observe any ice during the 15 minutes he stood near the plaintiff waiting for the ambulance to arrive, which was inconsistent with statements he made to the 911 operator. We agree with the plaintiff. Here, the plaintiff laid the proper foundation for the introduction of the 911 tape as a prior inconsistent statement by questioning Pina as to the contents of the 911 tape so that he could explain any inconsistency (*see* Prince, Richardson on Evidence § 6-411 [a] [Farrell

11th ed]; *People v Wise*, 46 NY2d 321, 326 [1978]; *People v Longo*, 151 AD2d 786 [1989]; *cf. People v Wilkins*, 221 AD2d 392 [1995]). Upon the plaintiff's laying of such foundation, the Supreme Court should have admitted the 911 tape into evidence as a prior inconsistent statement by Pina for the limited purpose of allowing the plaintiff to impeach his credibility (*see People v Wise*, 46 NY2d at 326; *Newman v Great Atl. & Pac. Tea Co.*, 100 AD2d at 539).

Accordingly, the judgment must be reversed, the complaint must be reinstated, and a new trial on the issue of liability must be conducted.

In light of our determination, we need not reach the parties' remaining contentions. Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.