■ MICHELLE BROWN, Appellant, v URS MIDWEST, INC., Respondent. [18 NYS3d 704]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered July 9 2014, which, upon a jury verdict on the issue of liability finding that the defendant was not at fault in the happening of the accident, is in favor of the defendant and against her, in effect, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability and further proceedings thereafter, if warranted.

At a trial on the issue of liability, the plaintiff testified that, on April 1, 2011, she was driving northbound in the right lane on Interstate Route 95 in Connecticut, and that a tractor-trailer owned by the defendant and operated by the defendant's employee, Johnny Hartley, was traveling alongside the plaintiff in the left lane. The plaintiff futher testified that the defendant's vehicle moved into her lane and struck her vehicle, causing her to eventually collide with a median strip. Hartley, in his deposition testimony, which was read into the record at trial, testified that he had observed the plaintiff driving alongside of him when he thereafter felt an impact to his vehicle, and that he observed the plaintiff talking on her cell phone. This contrasting testimony presented a credibility issue. The trial court did not permit the plaintiff to submit into evidence a police accident report dated April 8, 2011, which

described the accident and the paths of travel of the respective vehicles, and set forth a statement by Hartley that he never observed the plaintiff's vehicle prior to the accident. The jury subsequently returned a verdict finding that the defendant was not at fault in the happening of the accident.

On appeal, the plaintiff contends, among other things, that the Supreme Court erred in precluding her from admitting into evidence that portion of the police accident report which contained Hartley's statement that he never observed the plaintiff's vehicle prior to the accident. This statement was admissible against the defendant as an admission, since it tended to inculpate the defendant in connection with a material fact (*see People v Chico*, 90 NY2d 585, 589 [1997]). Moreover, that same statement in the police accident report was admissible as a prior inconsistent statement (*see People v Duncan*, 46 NY2d 74, 80 [1978]; *see also Seaberg v North Shore Lincoln-Mercury, Inc.*, 85 AD3d 1148, 1151-1152 [2011]). Under the circumstances presented her, the error in precluding the admission of that portion of the police accident report into evidence cannot be considered harmless, as it bore on the ultimate issue to be determined by the jury (*cf. Taylor v New York City Tr. Auth.*, 130 AD3d 712, 713 [2015]).

The plaintiff's remaining contentions are without merit.

Accordingly, the judgment must be reversed, the complaint reinstated, and the matter remitted to the Supreme Court, Queens County, for a new trial on the issue of liability, and further proceedings thereafter, if warranted. Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.