■ In the Matter of RALPH BONOMO et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a notice of deficiency of personal income tax. On May 20, 1963, petitioners each made trust agreements in favor of their respective children. Simultaneously, petitioners, as trustees, formed a partnership, Tri-Continental Sales Company, which was to be exclusive sales agent for certain Japanese fabrics. Income from the sales of the fabrics was distributed to the trustees who filed the required fiduciary returns and paid taxes on the pro rata portions of the trust which were attributable to the individual beneficiaries. The beneficiaries returned a substantial portion of their moneys to the partnership which used the moneys in other business ventures, some of which were controlled by the petitioners. The trustee-partners signed checks and oversaw a primary salesman who exercised some authority over the other salesmen working for the partnership. Petitioners worked full time for other concerns. The State Tax Commission ruled that, under article 22 of the Tax Law, petitioners were taxable on the income of Tri-Continental Sales Company for the years of 1964, 1965 and 1966 as individuals since the trusts were not bona fide members of the partnership. Petitioners raise the question of whether the Tax Commission assessed the taxes against them within the time limit set by law. Section 683 of the Tax Law states that generally a tax shall be assessed within three years after the return is filed except when the Tax Commission and the taxpayer have consented in writing to an extension after such time. The consent executed by petitioners and respondent extended the time to April 15, 1971 and beyond that time by the number of days during which making an assessment was prohibited, plus 60 days thereafter. Under subdivision (c) of section 681 of the Tax Law, where a notice of deficiency has been mailed, and where a petition contesting such notice has been filed, assessment is prohibited until the commission's decision is final. Petitioners were served with a notice of deficiency before the expiration of the consent date of April 15, 1971 and the commission's decision is not yet final (Tax Law, § 690, subd [e]). The time to make that assessment has not yet expired. Petitioners also contend that the Tax Commission's hearing officer improperly placed upon the petitioners the burden of proof in the proceeding. The notice of formal hearing stated, "Except for the burden of proof of fraud or of the omission of 25% of net income, the petitioner has the burden of proof and must

establish by a preponderance of evidence all facts necessary to show that there is no deficiency, or that a refund is due." Since the tax deficiency exceeded the 25% limit of net income referred to in the notice, petitioners urge error was committed in placing the burden upon them. Petitioners contend that the Tax Commission failed to meet its burden. The notice sent to petitioners did not correctly state the law. Subdivision (e) of section 689 of the Tax Law places the burden of proof on the petitioner in all but three instances, none of which include the alleged omission of 25% of net income. There was no detrimental reliance by petitioners on this notice. The hearing officer correctly stated the law and petitioners voiced no objection to it at the hearing. Finally, petitioners urge on the court that the record does not support the Tax Commission's determination by substantial evidence. We disagree. For the petitioners to qualify as a partnership for income tax purposes, they would have to have owned a capital interest in a partnership in which capital is a material income producing factor. The record amply supports the finding that this partnership was not of such nature (Tax Law, § 618; US Code, tit 26, § 704, subd [e], par [1]; see, generally, *Bateman v United States,* 490 F2d 549). The commissioner found that the income from the partnership was derived from the services of petitioners and that capital played a minimal role in the business, since the partnership was merely a sales agent for a corporation. If there are facts in the record which provide a rational basis for the decision of the commissioner, the decision must be confirmed. *(Matter of Pell v Board of Educ.,* 34 NY2d 222.) The conclusion reached by the Tax Commission that the trusts were not bona fide members of the partnership was amply demonstrated in the record. Further, even if the income were regarded as trust income, the same result would follow. It is clear that the income resulting from the work efforts of petitioners was not paid into the trusts and distributed to the children as trust beneficiaries. The petitioners always retained control over the moneys produced by their efforts (US Code, tit 26, §§ 671-675). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.