■ WILLIAM FRICKER, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. — In an action to recover damages for assault and battery,

defendants the City of New York and Police Officer Henry Schmidt appeal from a judgment of the Supreme Court, Queens County (Buschmann, J.), dated October 12, 1982, which, upon a jury verdict, awarded plaintiff the principal sum of $155,000. Judgment reversed, on the law, and new trial granted with respect to appellants on the issue of damages only, with costs to abide the event. This action arises out of defendant Police Officer Schmidt's alleged beating of plaintiff, causing, *inter alia,* injuries to his cervical and lumbar spine, resulting in limitation of motion, muscle spasm and pain. The jury's verdict in favor of plaintiff and against defendants the City of New York and Police Officer Schmidt, rendered after the liability stage of this bifurcated trial, is amply supported by the evidence. However, at the trial on damages, the court erroneously permitted the introduction of evidence by plaintiff's expert witness regarding the permanency of plaintiff's injuries, over appellants' objections, on the ground that plaintiff's bill of particulars failed to respond to appellants' demand to set forth in detail those injuries claimed to be permanent (see, e.g., *Meyer v Grand Union Co.,* 264 App Div 795; see, also, *Mammarella v Consolidated Edison Co.,* 44 AD2d 571). Appellants were prejudiced by this error in that they were not apprised by the bill of particulars that plaintiff intended to prove permanency, and were thus hampered in the preparation of a defense (see, e.g., *Bergman v General Motors Corp.,* 74 AD2d 886; *Palazzo v Abbate,* 45 AD2d 760). A new trial on damages is necessary because it is probable that the verdict of $155,000 was affected by the erroneously admitted evidence. We have examined appellants' remaining claims for reversal and find them to be without merit. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.