■ CHARLES T. ZIMMER, JR., Appellant, v CHEMUNG COUNTY PERFORMING ARTS, INC., Respondent, and ELCON CONTRACTORS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. MAC-DAN ERECTORS, INC., Third-Party Defendant-Respondent.—Kane, J. P. Appeal from an order of the Supreme Court at Trial Term (Swartwood, J.), entered March 24, 1986 in Tioga County, which granted defendants' and third-party defendant's motions to set aside the verdict in favor of plaintiff, and ordered a new trial.

This matter was before the court on a prior occasion, wherein we affirmed a jury verdict in favor of defendants (102 AD2d 993). The Court of Appeals reversed and directed that a verdict be entered in favor of plaintiff and ordered a new trial to determine the issue of damages (65 NY2d 513). The new trial resulted in a verdict in favor of plaintiff in the amount of $350,000. At the conclusion thereof, and for reasons set forth in a detailed written decision, the trial court granted motions by defendants and third-party defendant (hereinafter collectively referred to as defendants) to set aside the verdict as contrary to the weight of the evidence and in the interest of justice on the basis that defendants were denied a fair trial. The order also provided for a new trial on the issue of plaintiff's damages.

In our view, the trial court, in retrospect, correctly assessed the adverse impact of some of its rulings on evidentiary matters when it considered the cumulative effect of these rulings upon the ultimate determination of the jury. The authority to grant a new trial is discretionary in nature and is vested in the trial court "predicated on the assumption that the Judge who presides at trial is in the best position to evaluate errors therein" (Micallef v Miehle Co., 39 NY2d 376, 381). For example, upon remittitur from the Court of Appeals, plaintiff filed a note of issue and statement of readiness, which, upon objections by defendants, resulted in court-ordered provisions limiting further discovery and the establishment of a trial date of Monday, November 18, 1985. However, on November 5, 1985, plaintiff underwent a computerized axial tomographic (CAT) scan and additional X rays which were not provided to defendants until November 15, 1985, the Friday before trial. In addition, without prior notice to defendants' attorneys or the court, Dr. Leonard J. Barron examined plaintiff on November 18, 1985 and testified the next day after examining the recent CAT scan and X rays. The medical evidence flowing therefrom interjected new matters far beyond those contained in the bill of particulars and related, among other things, to additional injuries to the low back area involving vertebrae, discs and nerves. Objections and requests for mistrial by defendants were denied and, most significantly, attempts by the court to limit the presentation of this new evidence to the jury were frustrated by plaintiff's attorney by his direct examination of Dr. Barron.

Moreover, compounding the prejudicial effect of this evidence, plaintiff's attorney, in summation, attacked the reliability of defendants' medical expert because he had not viewed

the CAT scan or the additional X rays, when, obviously, they were not available to him at the time of his examination. These impermissible tactics, standing alone, are sufficient to support the decision of the trial court *(see,* 22 NYCRR former 103.2; *Bagailuk v Weiss,* 110 AD2d 284, 286; *Rockefeller v Chul Hwang,* 106 AD2d 817, 818; *Fricker v City of New York,* 97 AD2d 832, 833). However, there are additional compelling reasons to sustain the action of the trial court because of the nature of the argument on behalf of plaintiff on the issue of damages.

Although the trial court denied defendants' request to instruct the jury of the present-day value of plaintiff's claim for lost wages, plaintiff's attorney injected the issue of inflation and its probable effect of doubling plaintiff's loss of income every 10 years. In our view, such a highly speculative argument, without any foundation in the record, was prejudicial to defendants and required corrective instructions. In like manner, the reference in summation to the fact that plaintiff would be required to reimburse workers' compensation payments in excess of $47,000 was improper and prejudiced defendants. Finally, plaintiff's testimony as to his work record and ability to work was contrary to sworn testimony on other occasions and again introduced new matter which defendants were unable to verify. In sum, for these and for other reasons delineated in the written opinion of the trial court, except for the finding of excessiveness of the verdict which issue we do not reach, we conclude that the order appealed from setting aside the verdict and ordering a new trial should be affirmed.

Order affirmed, with one bill of costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.