■ FANNIE SHERMAN, Respondent, v TAMARACK LODGE, Ap-

pellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Held, J.), entered June 18, 1987, which upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $275,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff alleged that she slipped and fell on food on the floor of the nightclub at the defendant hotel and thereby sustained personal injuries. The principal issue on appeal is whether the plaintiff established that the defendant had actual or constructive notice of the defective condition which allegedly caused the plaintiff's injuries. At the trial, over the objection of the defendant, the plaintiff was permitted to testify concerning an admission allegedly made by an unidentified purported employee of the defendant after the accident, to a busboy, to the effect that "I told you * * * before * * * to clean up". However, we find that this testimony was inadmissible since the oral statement did not qualify as an admission or under the res gestae exception to the hearsay rule (see, *Loschiavo v Port Auth.*, 86 AD2d 624, *affd* 58 NY2d 1040). Moreover, despite the defendant's "combined discovery demand", which requested, in pertinent part, the names of any witnesses to the nature of the condition which allegedly caused the plaintiff's fall and notice of any oral statement made by any agent, servant or employee of the defendant, the plaintiff did not indicate in response thereto the oral statement allegedly made by an employee of the defendant or that the plaintiff intended to introduce such evidence at trial. The failure to disclose this requested information prior to trial clearly hampered the defendant in the preparation of a defense (see, *Fricker v City of New York*, 97 AD2d 832; *Mammarella v Consolidated Edison Co.*, 44 AD2d 571). Therefore, the testimony concerning the statement should have been excluded.

Absent the excluded testimony, the plaintiff's other evidence was insufficient to raise a question of fact for the jury on the issue of the defendant's actual or constructive notice of any substance on the floor that could have caused the plaintiff's fall. Accordingly, the defendant's motion to dismiss the complaint at the close of the plaintiff's case should have been granted (see, *Bender v Dan's Supreme Supermarkets*, 71 AD2d 636; cf., *Torregrossa v Bohack Corp.*, 81 AD2d 884).

In light of our determination, we do not address the defen-

dant's remaining contention. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.