■ PHILIP J. CERAVOLE, JR., Appellant, v GIROLAMO GIGLIO et al., Defendants, and COUNTY OF WESTCHESTER, Respondent.— In an action to recover damages for personal injuries, the plaintiff appeals from so much of an interlocutory judgment of the Supreme Court, Westchester County (Gurahian, J.), dated February 18, 1987, as, upon a jury verdict after a trial on the issue of liability only, is against him and in favor of the defendant County of Westchester.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, and a new trial is granted to the plaintiff as against the defendant County of Westchester and upon the cross claim of the County of Westchester against the defendants Giglio, with costs to abide the event.

In White Plains, New York, on June 4, 1984, a dry and clear day, at approximately 11:00 A.M., the plaintiff Philip J. Ceravole, Jr. was operating his motorcycle in the northbound lanes of White Plains Avenue when it was struck by an automobile driven by the defendant Girolamo Giglio, who was proceeding in the opposite and southerly direction on the same roadway and was attempting to make a left turn. As a result of the accident, the plaintiff sustained the amputation of his left leg.

At the trial, the defendant Girolamo Giglio testified that at the time of the collision, he was travelling south on White Plains Avenue and was attempting to make a left turn into the intersecting Westchester Avenue East. He admitted that he began the turn approximately 15 to 20 feet prior to or north of the intersection; and his automobile traversed the

northbound lanes of White Plains Avenue, thereby colliding with the oncoming motorcycle of the plaintiff. Girolamo Giglio further testified that although farther north there was a double yellow line separating the southbound and northbound lanes of White Plains Avenue, at the point where he attempted to make the left-hand turn there was no double yellow line. An accident reconstruction expert called by the defendant County of Westchester (hereinafter the County) testified that the point of impact was approximately "thirteen and a half feet from the northeast corner of the intersection at approximately a 45 degree angle".

Other evidence adduced at the trial indicated that the solid double yellow line on White Plains Avenue had become obliterated for a distance of some 60 feet north of the intersection of White Plains Avenue and Westchester Avenue East. Although the defendant County admitted that its standard for maintenance of pavement markings was to repaint every year, it conceded that it had violated this rule at the site of the occurrence in question because of trouble with its maintenance truck as well as inclement weather conditions.

The plaintiff called Marvin Specter, a professional engineer with expertise in highway construction, who testified with regard to the function of the double yellow line as to turning vehicles, as follows:

"Q. What, if anything, is the function of the double yellow line in this intersection with regard to cars wanting to make a left turn onto Westchester Avenue? * * *

"A. It tells them to stay on their side of the road until they get to the intersection and then to make the turn in the intersection instead of cutting diagonally across the northbound roadway short of the intersection".

However, the trial court unduly restricted the testimony of this expert as to whether the missing portion of the double yellow lines near the intersection was a departure from accepted road maintenance procedures. In addition, under the circumstances of this case, we find that it was error for the trial court to have stricken the testimony of Mr. Specter relating to an accepted practice among municipalities with regard to the repainting of pavement markings on roadways.

We have stated that "the erroneous exclusion of evidence warrants a reversal only if it can be said that such evidence, had it been admitted, probably would have had a substantial influence upon the result of the trial" (*Walker v State of New York*, 111 AD2d 164, 165; *see*, CPLR 2002; *Hansell v Galvani*,

286 App Div 1019; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.02; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2002:1, at 449; *cf., Standard Textile Co. v National Equip. Rental,* 80 AD2d 911). In light of the plaintiff's contention that the County departed from accepted practices by failing to repaint the double yellow line, which failure allegedly was a proximate cause of Girolamo Giglio making a premature left turn and, therefore, was a proximate cause of the accident, we conclude that the preclusion and improper restriction of the plaintiff's expert's testimony cannot be considered harmless error. In this regard, we note that the second question listed on the verdict sheet combined the negligence and the proximate cause issues, so that we cannot discern whether the improper preclusion of the expert's testimony would have affected the jury's verdict with regard to negligence on the part of the County. On the retrial, the jury verdict sheet should set forth separate questions as to negligence and proximate cause.

Finally, since the trial court granted the plaintiff's motion for judgment during trial against the defendants Girolamo and Guiseppe Giglio on the issue of liability, on the new trial, in the event that the defendant County of Westchester is found to be liable, there should be an apportionment of fault between the defendants Giglio and the County on the latter's cross claim against the former *(see, e.g., Charney v Muss,* 122 AD2d 825). In this regard, the defendants Giglio shall have the right to participate in the new trial, and their presence for this purpose should be adequately explained to the jury *(see, Kojic v City of New York,* 76 AD2d 828).

Accordingly, the verdict in favor of the defendant County of Westchester should be set aside and a new trial ordered. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.