■ In the Matter of STANLEY ZUBAWICZ et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a personal income tax and an unincorporated business tax assessment imposed under Tax Law articles 22 and 23.

Petitioners owned and operated the Town Delicatessen located in the Village of Suffern, Rockland County, during 1971 and 1972. Following a field audit, the Audit Division of the Department of Taxation and Finance determined that petitioners had understated their income on their business part-

nership return for the fiscal year July 1, 1971 through June 30, 1972 and on their personal income tax return for the year 1972. Utilizing a source and application audit *(see, Matter of Jacobson v State Tax Commn.,* 129 AD2d 880, n), the Audit Division determined that in conducting the business of the Town Delicatessen petitioners expended $11,366 more than they declared as business receipts and that they failed to report this sum as income, underpaying personal income tax and unincorporated business tax in the aggregate amount of $1,303.54 as a result. Petitioners sought redetermination and a hearing was held. At the hearing, petitioners maintained that the Audit Division improperly included amounts which petitioners had withdrawn from their savings accounts in 1970 and later redeposited during the audit period. Respondent rejected the claim and sustained the notice of deficiency. This CPLR article 78 proceeding ensued.

Initially, under the circumstances presented here, we find no error in the utilization of the source and application audit method *(see, Matter of Jacobson v State Tax Commn., supra,* at 881; *Matter of Hennekens v State Tax Commn.,* 114 AD2d 599, 600-601). Next, we reject petitioners' argument that the Audit Division erred in its examination of records from an 18-month period. In view of the mismatch of petitioners' personal and business fiscal years, petitioners have not met their burden of proving that utilization of the 18-month period was improper *(see, Matter of Blodnick v New York State Tax Commn.,* 124 AD2d 437, 438). Last, petitioners failed to offer documentary proof to verify their claim that the unsubstantiated revenues were moneys withdrawn from their savings accounts and later redeposited during the audit period. Thus, petitioners have not established by clear and convincing evidence that the assessment was in error *(see,* Tax Law § 689 [e]; *Matter of Jacobson v State Tax Commn., supra; Matter of Blodnick v New York State Tax Commn., supra).* The determination must, therefore, be confirmed and the petition dismissed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.