■ In the Matter of the XUONG TRIEU, Also Known as HENRY CHAO, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [634 NYS2d 878] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, *inter alia*, sustained a personal income tax assessment imposed under Tax Law article 22 and the Administrative Code of the City of New York.

An initial audit of petitioner's 1982 and 1983 New York State and New York City income tax returns, conducted within the three-year Statute of Limitations period (*see,* Tax Law § 683 [a]), did not result in the issuance of a notice of deficiency, although, according to petitioner, some errors were discovered, and additional taxes were agreed to and paid. Because the auditor was subsequently found guilty of having accepted bribes, the Division of Taxation (hereinafter the Division)

within the Department of Taxation and Finance reaudited all of the returns he had reviewed, including petitioner's, to insure that proper procedures had been followed. The reaudit, which is the subject of this proceeding, revealed that petitioner had neglected to report $860,507.08 of taxable income, comprised of $278,000 that he admits having received, via bank drafts from the Hong Kong and Shanghai Banking Corporation—the source of which was not satisfactorily documented—and an additional $582,507.08, which represented the difference between the funds petitioner utilized during the years in question and the funds known to have been available to him during that time. A notice of deficiency was issued for the additional taxes due.

Ultimately, a hearing was held before an Administrative Law Judge (hereinafter ALJ), at which petitioner did not personally appear or offer any affidavit on his own behalf; argument was heard and documents offered by both parties were received in evidence. The ALJ reduced petitioner's taxable income by $7,000, to correct a mathematical error, but otherwise sustained the determination, and petitioner filed an exception with respondent Tax Appeals Tribunal. Six months later, but prior to issuance of the Tribunal's decision, petitioner moved to reopen the hearing to submit additional evidence. This motion was denied and petitioner again excepted. The Tribunal affirmed both decisions, prompting this CPLR article 78 proceeding.

Petitioner now asserts that the Tribunal's decision was affected by an error of law in that it was based on a holding that petitioner, not the Division, bears the burden of proof. He contends that since the notice of deficiency was not issued within the generally applicable three-year Statute of Limitations, the Division must prove facts sufficient to bring the case within the exception that allows for reassessment within six years in those instances where a taxpayer has failed to report income equal to 25% or more of his adjusted gross income (*see*, Tax Law § 683 [d] [1]). This argument, not having been raised during the administrative hearing—at which petitioner's attorney neither took exception to, nor in any other way indicated disagreement with, the ALJ's explicit statement that the burden rests on petitioner—has not been preserved for review (*see*, *Matter of Henry v Wetzler*, 82 NY2d 859, 862, *cert denied* — US —, 114 S Ct 2133). And, in any event, it lacks merit (*see*, Tax Law § 689 [e]; *Matter of Bonomo v State Tax Commn.*, 63 AD2d 1072, 1073).

Though it was briefed, petitioner, on oral argument, aban-

doned his challenge to the validity of the audit results. However, such a challenge would not have succeeded, for petitioner failed to demonstrate that the Division's representations with respect to his finances were unfounded (*see, Matter of Zubawicz v State Tax Commn.*, 154 AD2d 735, 736). Although his submissions, if credited, establish that he received several large transfers of funds in prior years, there was no record proof linking these sums, or any other known source of funds, to the bank deposits made during the audit period. Nor was it improper for the ALJ to reject petitioner's claim that the funds he received from the Hong Kong and Shanghai Banking Corporation were actually repayments of a loan made many years earlier, given the absence of any evidence, in the form of a notation on the drafts or otherwise, linking the payments to the purported borrower, providing for payment of interest or otherwise substantiating the borrower's averments.

As for the Tribunal's decision upholding the ALJ's denial of petitioner's motion to reopen the hearing, that decision was not, as petitioner urges, irrational; it was premised on a finding that petitioner was, in actuality, merely seeking a second chance to present his case, not having adequately prepared to do so at the first hearing. This finding, in turn, was amply supported by the record. Petitioner simply did not proffer sufficient explanation for his failure to tender the assertedly "new" evidence at the initial hearing, despite having been notified of his rights, and afforded an adequate opportunity to be heard, both at the hearing and by means of posthearing submissions; nor did he demonstrate that the alleged deficiencies in the original hearing deprived him of "substantial justice" warranting the requested posthearing relief (*see,* CPLR 4404 [b]; *cf., Micallef v Miehle Co.,* 39 NY2d 376, 381).

The other points advanced by petitioner do not merit comment.

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.