■ In the Matter of RICHARD RODRIGUEZ, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [668 NYS2d 603] —Determination of respondent Transit Authority dated June 5, 1996, terminating petitioner's employment, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Lehner, J.], entered March 14, 1997) dismissed, without costs.

Substantial evidence that petitioner failed to report for duty as directed, failed to report his absence from duty, and submitted false reports in connection with such failures was provided by the testimony of petitioner's supervisors, credited by the Administrative Law Judge (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443), which was itself substantially supported by petitioner's concessions in his motion to reopen the hearing. That motion, which purported to explain why petitioner was unable to attend the hearing, was properly denied for lack of any kind of explanation why it was not made sooner, and also on the basis of petitioner's representations in the motion itself, which, *inter alia*, indicated that he had not prepared a defense in advance of the scheduled hearing date, and had apparently made a tactical decision not to appear that he reconsidered after getting word of the oral determination rendered immediately after the hearing (*cf., Matter of Xuong Trieu v Tax Appeals Tribunal*, 222 AD2d 743, 745, *appeal dismissed* 87 NY2d 1054, *lv denied* 88 NY2d 809). The penalty of dismissal does not shock our sense of fairness, particularly in view of a disciplinary history that includes a prior false report for which petitioner was suspended. Concur—Sullivan, J. P., Milonas, Mazzarelli and Andrias, JJ.