■ GAIL PACKARD et al., Respondents, v STATE FARM GENERAL INSURANCE COMPANY, Appellant. [701 NYS2d 741] —Cardona, P. J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered March 12, 1999 in Albany County, which granted plaintiffs' motion to set aside the verdict in favor of defendant and ordered a new trial.

Following a fire on February 7, 1995, plaintiffs submitted a claim to defendant under their homeowner's policy for the contents of their home. Among the items listed were 20 pairs of women's blue jeans, 20 pairs of Romika shoes, five television sets, 50 leather purses and 536 books. Defendant denied the claim on the ground that plaintiffs fraudulently exaggerated the loss.

Thereafter, plaintiffs commenced this action alleging, *inter alia*, that defendant breached the insurance contract by refusing to pay the claim. During the course of the ensuing jury trial, defense counsel asked questions concerning the cause of the fire. Supreme Court admonished defense counsel, in the presence of the jury, that the case was not an arson trial. The jury rendered a verdict in favor of defendant. Plaintiffs moved to set aside the verdict pursuant to CPLR 4404 (a). Supreme Court granted the motion based upon defense counsel's questioning which improperly put the issue of arson before the jury and its own admonishments which magnified the prejudice. Defendant appeals.

We affirm. Pursuant to CPLR 4404 (a), the trial court has the authority to set aside a jury's verdict "upon the motion of any party or on its own initiative * * * in the interest of justice." "The authority to grant a new trial is discretionary in nature and is vested in the trial court 'predicated on the assumption that the Judge who presides at trial is in the best position to evaluate errors therein' " (*Zimmer v Chemung County Performing Arts*, 130 AD2d 857, 858, quoting *Micallef v Miehle Co.*, 39 NY2d 376, 381). Such a decision of the trial court will not be disturbed absent a showing of an abuse of discretion (*see, Sorel v Iacobucci*, 221 AD2d 852, 854).

In the case at hand, after establishing that plaintiff Gail Packard filled kerosene heaters on the day of the fire, defense counsel asked him, "Was any kerosene spilled in the process of filling the kerosene heaters?" He followed this inquiry with the question, "As I understand it, you have no idea what caused this fire?" Later in the trial, defense counsel asked Packard, "Was it normal, sir, for you to go out during the week as you did on the night of the fire?" Plaintiffs' attorney objected to this question and Supreme Court sustained the objection, noting that "[t]his isn't an arson trial, it's a fraud trial." Thereafter, in denying defense counsel's attempt to introduce evidence relevant to the cause and origin of the fire, Supreme Court stated "I don't think we need to get into cause and origin. It's not an issue here. There's no charge of arson against these people or anybody else in this case."

In view of the foregoing, we cannot say that Supreme Court abused its discretion in setting aside the verdict and ordering a new trial. On more than one occasion defense counsel referred to matters germane to the cause of the fire, an issue which should not have been raised. Supreme Court acknowledged that it amplified the errors by commenting that it was not an arson trial. Under the circumstances, Supreme Court was

certainly empowered to order a new trial in the interest of justice. We have examined defendant's remaining contentions and find them to be without merit.

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.