(May 30, 2006)

■ PHYLLIS BAYNE, Appellant, v CITY OF NEW YORK, Respondent. [816 NYS2d 179]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dorsa, J.), entered October 28, 2004, which, upon a jury verdict in favor of the defendant on the issue of liability and upon an order of the same court dated July 20, 2004, granting reargument and adhering to its prior determination denying her motion to set aside the jury verdict, is in favor of the defendant and against her.

Ordered that the judgment is reversed, on the law, upon reargument, the plaintiff's motion to set aside the jury verdict is granted, the order dated July 20, 2004 is modified accordingly, and the matter is remitted for a new trial, with costs to abide the event.

The plaintiff sustained injuries on August 13, 2000 when she fell on a sidewalk abutting a superette located at 126-02 101st Avenue, Queens. The plaintiff alleged that sidewalk defects proximately caused her accident and injuries. The jury verdict was in favor of the sole defendant, the City of New York. The jury, while finding that the defendant received prior written notice of a specific condition at the site of the accident, answered, "no," by a vote of five out of six, to the question: "Did the plaintiff prove that the sidewalk where [she] claims she fell was not safe." The Supreme Court denied the plaintiff's motion to set aside the verdict and adhered to its determination, upon reargument.

The Supreme Court erred in precluding testimony from Salome Singh, who would have testified to the condition of the sidewalk where the accident occurred. The court precluded her testimony on the ground that Singh was not an expert. One need not be an expert, however, to describe the physical condition of an area surrounding an occurrence (*see Putnam v Stout*, 38 NY2d 607, 611 [1976]), such as a sidewalk. Singh's proposed testimony was relevant and material to the issue of whether the sidewalk was unsafe (*see generally Garricks v City of New York*, 1 NY3d 22, 27 [2003]; *Cruz v New York City Tr. Auth.*, 136 AD2d 196, 198 [1988]).

The Supreme Court also precluded witness Michael Miller, an Emergency Medical Services worker, from testifying, on hearsay grounds, that upon his arrival at the scene, the plaintiff stated that she had tripped and fallen. The plaintiff's statement was included in an ambulance call report which was also precluded. The preclusion of this evidence constituted error. The plaintiff's statement to Miller was admissible as a present sense impres-

sion (*see People v Brown*, 80 NY2d 729, 732-733 [1993]; *Matter of Talisveyber v Motor Veh. Acc. Indem. Corp.*, 16 AD3d 425, 426 [2005]; *Matter of Irizarry v Motor Veh. Indem. Corp.*, 287 AD2d 716 [2001]), and relevant to issues of whether the plaintiff had "tripped" or "slipped" on the sidewalk. The statement in the ambulance call report would also have been admissible as a present sense impression had the witness been permitted to lay the business record foundation for the document (*see* CPLR 4518 [a]; *cf. Flynn v Manhattan & Bronx Surface Tr. Operating Auth.*, 94 AD2d 617, 619 [1983], *affd* 61 NY2d 769 [1984]; Prince, Richardson on Evidence § 8-603 [Farrell 11th ed]).

The verdict was based on the plaintiff's failure at trial to prove that the sidewalk was unsafe. The trial court's errors were not harmless as the precluded evidence, if allowed, may have had a substantial influence upon the jury verdict (*see Platovsky v City of New York*, 275 AD2d 699, 700 [2000]; *Ceravole v Giglio*, 152 AD2d 648, 649-650 [1989]), and the cumulative effect of the errors warrants a new trial (*see Cohn v Meyers*, 125 AD2d 524 [1986]; *see also Zimmer v Chemung County Performing Arts*, 130 AD2d 857, 858 [1987]).

In light of the foregoing, we need not consider the parties' remaining contentions. Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.