■ RAYMUNDO TEHOZOL, Respondent, v ANAND REALTY CORP. et al., Appellants. [838 NYS2d 32]—

Judgment, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about October 18, 2006, after a jury trial, in favor of the plaintiff in the aggregate amount of $2,315,078.02, unanimously reversed, on the law, the matter remanded for a new trial solely as against defendant Anand Realty Corp., and the complaint dismissed as against the individual defendants. The Clerk is directed to enter judgment in favor of defendants Velappan and Karen Veeraswamy accordingly.

Plaintiff asserts that he was attacked in the lobby of his apartment building while retrieving his mail, and that a proximate cause of the attack was that the locks on the lobby doors were not operational. Defendants assert that the locks were operational, and that adequate security was provided. Therefore, the central, crucial issue at trial was whether the locks on the lobby doors were in working order. On plaintiff's case, plaintiff and four other tenants all testified to the lack of a working lock on the building's lobby door. On the defense case, however, while defendant Velappan Veeraswamy, a principal of the corporate owner of the building, and a building maintenance man both testified that the lobby doors to the building had working locks, defendant was not permitted to elicit testimony from three proposed additional witnesses on the issue. Instead, the court limited defendants to one other witness on the issue. Defendants then produced a tenant who had been in the building for 30 years, who testified that security in the building was fairly good, but was unable to recall whether the locks in the building were operational during the period in question. The preclusion of two of the three witnesses defendants sought to call regarding the central issue of the case was prejudicial in view of the number of witnesses plaintiff was permitted to present on the same issue.

Adding to the prejudice were improper, unnecessary and unsupported insinuations by plaintiff's counsel that Velappan Veeraswamy had intimidated one of plaintiff's trial witnesses.

Even if we were not directing a new trial on the foregoing errors of law, we would reverse and direct a new trial as a matter of discretion, despite the absence of preservation, because of a number of other egregious errors, such as the paucity of evidence establishing it as more likely than not that plaintiff's assailant was an intruder (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544 [1998]). Plaintiff was also improperly permitted to offer and rely on irrelevant and highly inflammatory evidence of criminal conduct in the building that occurred after the incident at issue, and was therefore of no probative value regarding the foreseeability of the attack on plaintiff. Additionally, numerous improper and prejudicial remarks by plaintiff's counsel, inter alia, appealing to the jurors' class bias, prejudice or passion (*see Cattano v Metropolitan St. Ry. Co.*, 173 NY 565 [1903]), and statements by which he acted as an unsworn witness (*see Weinberger v City of New York*, 97 AD2d 819 [1983]), were sufficiently prejudicial as to together create the likelihood that counsel's misconduct improperly influenced the verdict (*see Johnson v Lazarowitz*, 4 AD3d 334, 335 [2004]).

Since there was no evidence supporting a piercing of the corporate veil (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140-142 [1993]), the verdict against the individual defendants was unsupported, and the retrial shall proceed against the corporate building owner alone. Concur—Mazzarelli, J.P., Saxe, Sullivan, McGuire and Kavanagh, JJ.