■ WILLIAM STRAUB et al., Respondents, v KENNEDY YALAMAN-CHILI, Appellant. [871 NYS2d 773]—

Malone Jr., J. Appeal from an order of the Supreme Court (Garry, J.), entered February 13, 2008 in Tompkins County, which granted plaintiffs' motion to set aside a verdict in favor of defendant and ordered a new trial.

In May 2000, defendant performed spinal surgery on plaintiff William Straub (hereinafter plaintiff). Thereafter, plaintiff's condition allegedly worsened and he and his wife, derivatively, commenced the instant medical malpractice action against defendant. A jury trial was held in July 2007, resulting in a verdict in defendant's favor. During the trial, defense counsel had ex parte communications with two of plaintiff's treating physicians without obtaining plaintiff's authorization under the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.* [hereinafter HIPAA]). As a result, plaintiffs' counsel made a posttrial motion pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial. Supreme Court granted the motion and ordered a new trial. Defendant now appeals.

We affirm. CPLR 4404 (a) provides that the trial court may set aside the jury's verdict "upon the motion of any party or on its own initiative . . . in the interest of justice." "The authority to grant a new trial is discretionary in nature and is vested in the trial court 'predicated on the assumption that the Judge who presides at trial is in the best position to evaluate errors therein' " (*Zimmer v Chemung County Performing Arts*, 130 AD2d 857, 858 [1987], quoting *Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381 [1976]; *see Galioto v Lakeside Hosp.*, 123 AD2d 421, 422 [1986]). Notably, Supreme Court's decision in this regard will not be disturbed absent an abuse of discretion (*see Packard v State Farm Gen. Ins. Co.*, 268 AD2d 821, 822 [2000]).

During the course of the trial here, defense counsel had ex parte conversations with Anthony Sanito and Lowell Garner, both of whom treated plaintiff, without obtaining plaintiff's authorization under HIPAA. This was in clear violation of the law in effect at the time of trial (*see Kish v Graham*, 40 AD3d 118 [2007], *revd* 9 NY3d 393 [2007]; *Arons v Jutkowitz*, 37 AD3d 94 [2006], *revd* 9 NY3d 393 [2007]) and plaintiffs' counsel did not discover it until that time.

Through these conversations, defense counsel obtained information that he otherwise did not have, which enabled him to elicit testimony that was not only favorable to his client, but

that came as a complete surprise to plaintiffs and which they were unprepared to rebut. For example, plaintiffs' counsel sought to establish that the blood loss suffered by plaintiff during the surgical procedure was substantial, and counsel subpoenaed Garner, the anesthesiologist present during surgery, for this purpose. On cross-examination, however, Garner opined that the amount of blood loss was not uncommon for this procedure. Plaintiffs' counsel also subpoenaed Sanito, the physician who treated plaintiff for pain management both before and after the surgery, to testify concerning the worsening of plaintiff's condition after the surgery. However, he testified that he could not recall if plaintiff's condition had worsened and further stated that he had referred many patients to defendant, whom he regarded as a good surgeon. Inasmuch as such testimony was clearly prejudicial to plaintiffs' case, we do not find that Supreme Court abused its discretion in setting aside the verdict and ordering a new trial in the interest of justice (*see e.g. Tehozol v Anand Realty Corp.*, 41 AD3d 151 [2007]; *Van Dusen v McMaster*, 28 AD3d 1057 [2006]).

Cardona, P.J., Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.