■ In the Matter of the Estate of NINO GRANCARIC, Deceased. ARLENE C. SCHEURER, as Executor of NINO GRANCARIC, Deceased, Appellant; DINKO GRANCARIC, as Administrator of the Estate of NINO GRANCARIC, Deceased, Respondent. [890 NYS2d 685]—

Kane, J.

Respondent, decedent's brother, successfully petitioned for letters of administration a few months after decedent died. Petitioner, decedent's paramour of nearly 30 years, then commenced this proceeding seeking to admit decedent's purported will to probate. Respondent objected on numerous grounds. Af-

ter trial, the jury determined that decedent was of sound mind to dispose of his estate by will, but that the will was not executed according to the statutory requirements (*see* EPTL 3-2.1). Surrogate's Court declined to admit the will to probate. Petitioner appeals.

We affirm. Courts will only strike a jury verdict as against the weight of the evidence where the proof so preponderated in favor of the unsuccessful party that the verdict "could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks and citations omitted]; *see Nolan v Union Coll. Trust of Schenectady, N.Y.*, 51 AD3d 1253, 1255 [2008], *lv denied* 11 NY3d 705 [2008]). Petitioner presented the testimony of the attorney who supervised the will execution, as well as the three witnesses who signed the will—petitioner, her sister and her brother-in-law. Petitioner benefitted, on two separate bases, from a presumption that the will was properly executed: the execution was supervised by an attorney (*see Matter of Kindberg*, 207 NY 220, 227-228 [1912]; *Matter of Leach*, 3 AD3d 763, 764 [2004]) and the facts regarding the execution were contained in a self-proving affidavit signed by two witnesses (*see Matter of Pilon*, 9 AD3d 771, 772 [2004]; *Matter of Leach*, 3 AD3d at 764-765; *Matter of Clapper*, 279 AD2d 730, 731 [2001]). To rebut this presumption, respondent had to present positive proof that the requirements of execution were not met (*see Matter of Pilon*, 9 AD3d at 772). Respondent did so through the testimony of a forensic handwriting expert, who explained his comparison of the signature on the will to numerous other original documents known to have been signed by decedent and opined that the signature on the will was not a genuine signature of decedent. The jury was free to accept that expert's testimony and reject the testimony of the supervising attorney, the three witnesses to the execution and petitioner's handwriting expert—who merely opined that there were "indications" that decedent was the individual who signed the will but could not even state with a degree of professional certainty that the signature was "probably" decedent's writing (*see Matter of Sylvestri*, 44 NY2d 260, 266-267 [1978]). Accordingly, Surrogate's Court appropriately declined to admit the purported will to probate.

Cardona, P.J., Peters, Stein and Garry, JJ., concur. Ordered that the decree is affirmed, with costs.