JERRI L. ERNST, Respondent, v SUHEIL M. KHURI et al., Appellants. [931 NYS2d 421]—

Stein, J.

Plaintiff commenced this medical malpractice action to recover damages for injuries she allegedly sustained as a result of defendants' treatment following an injury to her foot. A jury trial was held and, after hearing the proof, the jury found that defendant Suheil M. Khuri was negligent, but that his negligence was not a proximate cause of plaintiff's increased pain, suffering and other injuries. Plaintiff moved to, among other things, set aside the verdict as inconsistent and against the weight of the evidence. Supreme Court granted the motion and directed that the matter be restored to the trial calendar. Defendants appeal and we affirm.

Much of the testimony at trial regarding the underlying events was uncontroverted. Plaintiff injured her foot in April 2004 and was initially treated at a hospital emergency room. When her pain persisted, her primary care physician referred her to defendant Northeast Orthopaedics where she saw Khuri, an orthopedist. Khuri evaluated plaintiff on May 6, 2004. After examining plaintiff and reviewing X rays of her foot and ankle, he diagnosed her with a sprain. Khuri provided plaintiff with a protective boot to wear and advised her to bear weight on her foot. According to his notes, he instructed her to return for further evaluation if she did not improve within three to four weeks. Plaintiff testified, however, that the only instructions she received were those set forth on her discharge papers, directing her to schedule an appointment should her condition worsen

or remain the same,* without any time frame given. Inasmuch as Khuri had no independent recollection of treating plaintiff, he was unable to dispute this testimony. Furthermore, Khuri admitted that he could have directed plaintiff to schedule another visit immediately, but decided to leave it up to her.

During the next few months, while plaintiff was off from work as a teacher, she wore the protective boot, which enabled her to walk, and her condition began to improve to the point where she was able to discard the boot and use normal footwear. However, when she returned to work in the fall of 2004, she began to experience increased pain in her foot, which became significantly worse by early 2005. As a result of her increased discomfort, plaintiff attempted to schedule an appointment with Khuri, but was told that the next available opening was in May—approximately one year after her initial visit. Plaintiff returned to Northeast Orthopaedics in May 2005, at which time further X rays revealed that her foot was fractured, prompting Khuri to recommend that plaintiff be seen by David Dixon, another doctor affiliated with Northeast Orthopaedics. When Dixon saw plaintiff on May 27, 2005, he recommended surgery to repair the fracture and alleviate arthritic changes that had developed as a result of the fracture. Although the surgery was initially scheduled for the following August, it was postponed due to an unanticipated adverse medical reaction suffered by plaintiff in connection with an intervening elective surgery. Several months passed before plaintiff was sufficiently medically stable to proceed with the foot surgery, which was ultimately performed in March 2006. Plaintiff testified that she is unable to walk long distances and still takes medication to relieve the pain in her foot.

To set aside this jury verdict in defendants' favor, "the evidence [must] so preponderate[ ] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks and citations omitted]; *accord Matter of Grancaric*, 68 AD3d 1279, 1280 [2009]; *see* CPLR 4404 [a]; *Harris v Parwez*, 13 AD3d 675, 678 [2004]). The determination whether to grant a new trial is discretionary and "is vested in the trial court 'predicated on the assumption that the [j]udge who presides at trial is in the best position to evaluate errors therein' " (*Zimmer v Chemung County Performing Arts*, 130 AD2d 857, 858 [1987], quoting *Micallef v Miehle*

* In fact, the discharge paper was a preprinted form on which a box was checked indicating that plaintiff should make a return appointment if "problem returns/worsens."

*Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381 [1976]; *accord Straub v Yalamanchili*, 58 AD3d 1050, 1051 [2009]). Absent a clear abuse of discretion, we will not disturb the trial court's determination (*see Straub v Yalamanchili*, 58 AD3d at 1051; *Packard v State Farm Gen. Ins. Co.*, 268 AD2d 821, 822 [2000]).

Inasmuch as neither party has challenged the jury's finding that Khuri was negligent in diagnosing and treating plaintiff in May 2004, the focus of this appeal centers on the jury's determination that such negligence was not the proximate cause of any increased pain, suffering or injuries to plaintiff. In that regard, both Dixon and Khuri conceded at trial that plaintiff's surgery would not have been as extensive if the proper diagnosis had been made earlier. In fact, Khuri testified that, based upon his belief that she had suffered a sprain, he instructed plaintiff to bear weight on her foot, but that the proper remedy for her actual injuries would have been surgery or a cast. Khuri also conceded that the type of injury sustained by plaintiff worsens when the affected area is not immobilized. Dixon further testified that plaintiff had developed a painful arthritic condition in her foot due to it being out of alignment for an extended period of time. In addition, plaintiff's expert opined that, because of the delay in treatment, the surgery was significantly more involved than it would otherwise have been, requiring three additional components. He also opined that earlier treatment would have produced a different result, including less pain. We are unpersuaded by defendants' contention that a reasonable interpretation of the evidence could lead the jury to conclude that plaintiff was the sole cause of the delay in receiving the proper treatment. Notably, although defendants' expert testified that the delay in diagnosing plaintiff did not affect her surgery, he did not controvert the evidence that the delay caused her additional pain and suffering or opine that her actions contributed to the amplification of her injuries.

In view of the foregoing, we discern no abuse of Supreme Court's discretion in determining that the evidence with regard to proximate cause so preponderated in plaintiff's favor that the jury could not have reached its conclusion based on any fair interpretation of it. Accordingly, we decline to disturb Supreme Court's determination to set aside the verdict and order a new trial (*see Lolik v Big V Supermarkets*, 86 NY2d at 746; *Matter of Grancaric*, 68 AD3d at 1280; *compare Wolfe v St. Clare's Hosp. of Schenectady*, 57 AD3d 1124, 1126 [2008]; *Warnke v Warner-Lambert Co.*, 21 AD3d 654, 657 [2005]).

Defendants' remaining contentions have been considered and are unavailing.

Peters, J.P., Spain, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.