■ Daniel Singer, Appellant, v Casey Krul, Respondent.
[934 NYS2d 729]—

Mercure, A.P.J.

The decision whether to grant a motion for a new trial pursuant to CPLR 4404 (a) is committed to the trial court's discretion and will not be disturbed absent an abuse of that discretion (*see Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381 [1976]; *Straub v Yalamanchili*, 58 AD3d 1050, 1051 [2009]; *Packard v State Farm Gen. Ins. Co.*, 268 AD2d 821, 822 [2000]). Here, in order to prevail upon his malicious prosecution claim, plaintiff was required to prove—among other things—"the absence of probable cause for the criminal proceeding" (*Smith-Hunter v Harvey*, 95 NY2d 191, 195 [2000] [internal quotation marks and citation omitted]; *see Guntlow v Barbera*, 76 AD3d 760, 765 [2010], *appeal dismissed* 15 NY3d 906 [2010]). He contended at trial that probable cause in this case was negated because the incident leading to the traffic charge was provoked by defendant. Specifically, he claimed that defendant drove up behind him at a high rate of speed, which caused him to make a right-hand turn and resulted in his tires crossing the fog line.

In support of his argument, plaintiff sought to call an expert to testify to his calculation of defendant's speed, to show that defendant must have exceeded the speed limit. Supreme Court granted defendant's motion to preclude the testimony, finding that the record contained insufficient evidence as to defendant's rate of acceleration to permit an expert opinion on that issue and, even if there had been sufficient evidence, evaluating the speed of defendant's car was not beyond the ken of an ordinary juror. Upon our examination of the record, we are unpersuaded by plaintiff's contention that the court thereafter abused its discretion in denying his subsequent motion for a new trial.

Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.