█ In the Matter of RAMSEY H., a Child Alleged to be Neglected, Abused and Severely Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN K., Appellant. (And Four Other Related Proceedings.) [953 NYS2d 693]—

Peters, P.J.

Respondent is the biological father of Benjamin I., Austin I., Karissa I., Kaleb I., Jaymen I. and Iryss I. (born in 1996, 1997, 1998, 2000, 2004 and 2008, respectively) and the stepfather of Isabell Z. (born in 2001). Ramsey H. (born in 1998) is the biological child of respondent's ex-wife. During the time relevant to this appeal, all of the subject children resided with respondent except for Jaymen and Ramsey, who visited every other weekend. In December 2008, Ramsey, then 10 years old,

disclosed to her mother that respondent had been sexually abusing her. She was immediately brought to the hospital where she repeated these allegations and ultimately underwent a sexual abuse exam. The following day, Ramsey was interviewed by petitioner's caseworker and an investigator from the police department. During the interview, Ramsey revealed that respondent had been forcing her to have sex with him since she was seven years old during times when her mother was not home.

Respondent was arrested on charges that he had sexually abused Ramsey and, thereafter, petitioner commenced these proceedings alleging that respondent had abused, severely abused and neglected Ramsey and derivatively abused, severely abused and neglected the other children by subjecting Ramsey to sexual abuse. After respondent was acquitted of criminal charges relating to his alleged sexual abuse of Ramsey, a fact-finding hearing was held on the instant petitions. Family Court found that respondent had sexually abused Ramsey on at least three occasions and adjudicated her to be abused, severely abused and neglected and the other seven children to be derivatively abused, severely abused and neglected. At the dispositional hearing, respondent consented to the terms of orders of disposition relating to each of the subject children. Family Court denied respondent's subsequent CPLR 4404 motion for a new trial or, alternatively, to reopen the proof. Respondent now appeals.

We reject respondent's contention that the record does not support Family Court's findings with respect to Ramsey, concluding that petitioner met its burden of proving abuse and neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; *Matter of Keara MM. [Naomi MM.],* 84 AD3d 1442, 1443 [2011]). Ramsey testified that, on the Saturday after Thanksgiving Day 2008, she was visiting respondent's home when he instructed the other children to stay downstairs and clean while he and Ramsey cleaned upstairs. She provided details as to how respondent forced her to have sexual intercourse while in his bedroom and stated that, immediately following the abuse, respondent told her not to tell anybody or else she would get in trouble. Ramsey explained that respondent had been sexually abusing her since she was seven years old, and specifically described two other instances when he had similarly lured her into his bedroom and forced her to have sexual intercourse while the other children remained downstairs. Ramsey's in-court testimony regarding the sexual abuse was consistent with reports to her mother and petitioner's

caseworker and, despite respondent's assertions to the contrary, we find nothing inherently incredible or unbelievable about her testimony—which Family Court found to be credible.

Petitioner also presented the testimony of Ramsey's pediatrician, Azhar Iqbal, who conducted a sexual abuse exam on Ramsey following the disclosure. Iqbal testified that Ramsey expressed no discomfort when he inserted his little finger into her vagina, and some discomfort when he inserted his index finger, both of which should have caused a prepubescent girl of Ramsey's age to "cry out in pain." He concluded that Ramsey's vaginal opening was much larger than it should have been for a child of her age, which was consistent with her report of chronic sexual abuse. While respondent denied having ever engaged in sexual contact with Ramsey, this created a credibility issue that Family Court resolved against him. According deference to Family Court's factual findings and credibility determinations (*see Matter of Joseph MM. [Clifford MM.]*, 91 AD3d 1077, 1079 [2012], *lv denied* 18 NY3d 809 [2012]), we find sufficient evidence to support the determination that respondent abused, severely abused and neglected Ramsey (*see Matter of Justin CC. [Tina CC.]*, 77 AD3d 1056, 1058 [2010], *lv denied* 16 NY3d 702 [2011]; *Matter of Brooke KK. [Paul KK.]*, 69 AD3d 1059, 1061 [2010]; *Matter of Richard SS.*, 55 AD3d 1001, 1003-1004 [2008]). Further, because respondent's repeated sexual abuse of Ramsey " 'demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care' " (*Matter of Justin CC. [Tina CC.]*, 77 AD3d at 1058, quoting *Matter of Ian H.*, 42 AD3d 701, 704 [2007], *lv denied* 9 NY3d 814 [2007]), we find no reason to disturb the court's determination that he derivatively abused and neglected the other seven children (*see Matter of Branden P. [Corey P.]*, 90 AD3d 1186, 1189 [2011]; *Matter of Rebecca FF. [David FF.]*, 81 AD3d 1119, 1120 [2011]; *Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]; *Matter of Nathaniel TT.*, 265 AD2d 611, 614 [1999], *lv denied* 94 NY2d 757 [1999]).

Nor do we find merit to respondent's argument that he was not a person legally responsible for Ramsey's care at the relevant times (*see* Family Ct Act §§ 1012 [g]; 1046 [a] [ii]). Ramsey visited respondent every other weekend and referred to him as "daddy." Moreover, respondent's own testimony confirmed that he occasionally supervised Ramsey and was left alone with her and the other children, including during all relevant times when the sexual abuse was alleged to have occurred. Thus, Family Court properly found that respondent was a person legally responsible for Ramsey's care (*see Matter of Yolanda D.*, 88

NY2d 790, 796 [1996]; *Matter of Rebecca X.*, 18 AD3d 896, 898 [2005], *lv denied* 5 NY3d 707 [2005]; *Matter of Nathaniel TT.*, 265 AD2d at 612).

We are similarly unpersuaded by respondent's contention that Family Court erred in not granting his CPLR 4404 motion.* CPLR 4404 (b) permits a court, after a nonjury trial, to set aside its decision. In so doing, the court may make new findings, take additional testimony and render a new decision, or order a new trial (*see* CPLR 4404 [b]). The statute leaves the circumstances for granting such relief to the discretion of the court (*see Matter of Pratt v Schryver*, 103 AD2d 1016, 1017 [1984]), and its decision whether to grant the motion will not be disturbed absent an abuse of that discretion (*see Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381 [1976]; *Singer v Krul*, 90 AD3d 1378, 1379 [2011], *lv dismissed* 18 NY3d 953 [2012]).

Here, respondent's motion sought to vacate the fact-finding order and order a new trial or, alternatively, to reopen the proof to present the testimony of three witnesses who he claims provided "vital" information at his criminal trial. The motion, however, was made over six months after Family Court rendered its findings, and respondent offered no reasonable excuse for the delay. Furthermore, as the criminal trial took place prior to the commencement of the fact-finding hearing in these proceedings, the testimony of those witnesses was known to him at the time of the hearing and thus was not new evidence. Moreover, the proposed testimony was either irrelevant to the issues to be decided in these proceedings or would not have produced a different result. Under these circumstances, we find no abuse of Family Court's discretion (*see Matter of Esterle v Dellay*, 281 AD2d 722, 724 [2001]; *Stambaugh v Stambaugh*, 226 AD2d 363, 363 [1996]; *Matter of Xuong Trieu v Tax Appeals Trib. of State of N.Y.*, 222 AD2d 743, 745 [1995], *appeal dismissed* 87 NY2d 1054 [1996], *lv denied* 88 NY2d 809 [1996]).

Respondent's contention that he was denied the effective assistance of counsel is likewise without merit. Counsel effectively cross-examined witnesses, elicited testimony favorable to respondent's position, lodged appropriate objections and made cogent arguments for dismissal of the petitions in his closing statement. While counsel did not call three witnesses who

---

* As respondent's motion cited only CPLR 4404 as the basis for the requested relief, his argument—raised for the first time on appeal—that the orders should have been vacated pursuant to Family Ct Act § 1061 is not preserved (*see Matter of Karl L.*, 224 AD2d 841, 843 [1996]; *Matter of Chendo O.*, 193 AD2d 1083, 1085 [1993]).

provided testimony at respondent's criminal trial, there has been no showing that this choice did not reflect legitimate trial strategy (*see Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1133-1134 [2010], *lv dismissed and denied* 14 NY3d 912 [2010]; *Matter of Thompson v Gibeault*, 305 AD2d 873, 875 [2003]). Nor has defendant demonstrated that the other claimed deficiencies by counsel, even if established, resulted in actual prejudice (*see Matter of Michael DD.*, 33 AD3d 1185, 1187 [2006]; *Matter of Anson v Anson*, 20 AD3d 603, 605 [2005], *lv denied* 5 NY3d 711 [2005]). Viewed in its totality, the representation afforded respondent throughout the proceedings was both competent and meaningful.

Finally, inasmuch as respondent consented to the terms of the dispositional orders, he is not aggrieved and therefore has no right to challenge those provisions (*see Matter of Justin CC. [Tina CC.]*, 77 AD3d at 1059; *Matter of Bianca M.*, 57 AD3d 1253, 1253 [2008], *lv denied* 12 NY3d 705 [2009]). Respondent's remaining contentions, including his claim that the attorney for the children failed to adequately represent the children's interests, have been reviewed and found to be without merit.

Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.