*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 9, 2015                    519292
_____

JOHN THOMAS PIACENTE,
                    Respondent,

        v

MICHAEL P. BERNSTEIN et al.,                MEMORANDUM AND ORDER
                    Defendants,
        and

ERIC S. ROCCARIO et al.,
                    Appellants.
_____


Calendar Date:    February 11, 2015

Before:    McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Thuillez, Ford, Gold, Butler & Monroe, LLP, Albany (Andrew
L. McNamara of counsel), for Eric S. Roccario and another,
appellants.

        Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert
A. Rausch of counsel), for Kathleen Ozsvath and another,
appellants.

        Silberstein, Awad & Miklos, PC, Garden City (Joseph P. Awad
of counsel), for respondent.


                        _____


Devine, J.

        Appeal from an order of the Supreme Court (Teresi, J.),
entered November 14, 2013 in Albany County, which granted
plaintiff's motion to set aside a verdict in favor of defendants.

Plaintiff commenced this medical malpractice action against, among others, defendants Eric S. Roccario and Prime Care Physicians, PLLC (hereinafter collectively referred to as the Roccario defendants) and defendants Kathleen Ozsvath and The Vasular Group, PLLC (hereinafter collectively referred to as the Ozsvath defendants) and the action proceeded to trial in August 2013.[1]  Just prior to the close of proof, plaintiff requested that Supreme Court, pursuant to CPLR 4105 and 4106, empanel the first six jurors that had been selected and designate the remaining two jurors as alternate jurors.[2]  Concluding that a local rule enacted in the Third Judicial District regarding jury selection procedures required that the six deliberating jurors be chosen randomly by the court clerk, the court denied plaintiff's request.  The jury, which was comprised of juror Nos. 1, 2, 3, 4, 5 and 8, ultimately rendered a verdict of no cause of action.  Plaintiff then moved, pursuant to CPLR 4404 (a), to set aside the verdict in the interest of justice, asserting, among other things, that the violation of his statutory right to designate the first six jurors selected during voir dire denied him a fair trial.  Supreme Court granted the motion and set aside the verdict.  The Roccario defendants and the Ozsvath defendants now appeal.

Initially, we find no evidence in the record indicating

---

[1]  Summary judgment was granted to defendants Michael P. Bernstein and Capital Region Cardiology Associates, P.C., and the action was voluntarily discontinued as to defendants Mikhail Kirnus, John Taggert and St. Peter's Hospital.

[2]  CPLR 4105 states that "[t]he first six persons who appear as their names are drawn and called, and are approved as indifferent between the parties, and not discharged or excused, must be sworn and constitute the jury to try the issue."  CPLR 4106 provides, among other things, that alternate jurors may be "drawn upon the request of a party and consent of the court" and will be selected, seated, sworn and "treated in the same manner as the regular jurors."  This section further provides that, at the close of proof, "the court may, in its discretion, retain such alternate juror or jurors to ensure availability if needed."

that plaintiff waived any objection to Supreme Court's reliance on the Third Judicial District jury selection rule.[3]  "Waiver is an intentional relinquishment of a known right and should not be lightly presumed" (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968 [1988] [citation omitted]; see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]).

Toward the close of proof, plaintiff notified Supreme Court that, during voir dire, the parties had operated under the understanding that the first six jurors to be selected would ultimately serve and that the seventh and eighth jurors would become the alternate jurors.  Counsel for the Roccario defendants agreed, stating that plaintiff had explicitly stated prior to jury selection that "he wanted [jurors 7] and [8] to be designated [alternates]" and that the parties had selected jurors accordingly.  Counsel for the Ozsvath defendants differed, however, indicating that, although the parties had a conversation about designating jurors, no express agreement to that effect had ever been reached or otherwise communicated to the court. Thereafter, the attorney for the Roccario defendants opined that, because plaintiff had failed to notify the court that he wanted to designate the jurors before the trial commenced, she presumed that he had "abandoned" his request.  Plaintiff insisted that, although he had intended to apprise the court at an earlier point in the trial that he sought to designate alternate jurors, the demands of the trial had occupied his attention and, further, that he was unaware that his reliance on the alternate juror designation statute was objectionable.  Thereafter, plaintiff renewed his objection to the juror selection procedure before the court directed the clerk to randomly draw the six jurors.  On this basis, we cannot agree that plaintiff waived or otherwise failed to preserve his objection to the denial of his right to

---

[3]   The local rule provides that "[a]ll prospective jurors (six plus the agreed upon number of alternates) will be selected at random from the panel and seated in the jury box.  Unless there is consent of all parties and the presiding judge to designate alternates, the jurors selected will not be designated" (Civil Procedural Rules of the Third Judicial Dist., available at http://www.nycourts.gov/courts/3jd/index.shtml).

invoke the statutory juror designation provision at issue here.

After having determined that its application of the Third Judicial District rule contravened plaintiff's substantial right to empanel the first six jurors that had been selected by the parties, pursuant to the "mandatory procedure" set forth in CPLR 4105, Supreme Court exercised its discretion and granted plaintiff's motion to set aside the verdict and order a new trial in the interest of justice.  In the absence of evidence that the court abused such discretion, we will not disturb Supreme Court's determination in that regard (see CPLR 4404 [a]; Straub v Yalamanchili, 58 AD3d 1050, 1052 [2009]; Sorel v Iacobucci, 221 AD2d 852, 854 [1995]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court